BAXTER *against* SMITH and wife.

IN ERROR.

E RROR to *York* county.

Smith and wife, who claimed the premises in question in this suit under the will of *Andrew Finley*, brought eject- ment against *Eleanor Baxter*, who claimed them under a lease from *Finley* in his life time.

By the evidence, which came up with a bill of exceptions, it appeared, that on the 12th of *February* 1803 *Andrew Finley* leased the premises to *Eleanor Baxter* and her as- signs for twenty years, for which she was to board *Finley* and keep his house without any expense to him; and each party was bound to performance in a penalty of 200*l.* At the date of the lease, the lessee was a married woman coha- biting with her husband, who was not mentioned nor referred to in the deed. He lived with her some time on the premises, and died in *October* 1805 in the western country, where he went in quest of a settlement. His wife, according to her witnesses, both before and after his death, and up to the death of *Finley* in *May* 1807, performed the stipulations of of the lease.

The plaintiffs claimed under the will of *Finley*, dated the 12th of *March* 1806; and they offered evidence to shew that the defendant's husband had declared that he would not permit the lease to stand, that while he was gone to the western country, she said that she had burned the lease in the presence of *Finley*, and that after her husband's death, *Finley* on the 4th of *February* 1806 leased part of the pre- mises to one *Norris* for five years from the 1st of *April* 1806, at a rent of ten pounds the first year and fifteen pounds the other years, which lease *Norris* on the same day assigned to Mrs. *Baxter*. By *Finley's* will he devised the premises to Mrs. *Baxter* for five years from the date of his will, which time, and that in the lease to *Norris*, had expir- ed before this ejectment.

The President of the Common Pleas charged the jury, that the lease was void because made to a *feme covert*, against whom no action could be supported for the non-per-

1814.

Lancaster,
Saturday,
May 28.

A lease to a *feme covert* is good, unless her husband expressly dissents. If his as- sent may be in- ferred from cir- cumstances, or if the stipulations in the lease on the part of the *feme* are performed, the le ssor and those claiming under him are bound by the lease.

formance of her part of the agreement; and the defendant's counsel tendered a bill of exceptions.

*Cassat* and *Hopkins* for the plaintiff in error. The charge was erroneous, because 1. The lease was binding on the lessor and the husband of the lessee; 2. The lessor having gained the whole consideration, his representatives cannot avoid it.

1. A *feme covert* may take by purchase unless her husband expressly dissents; *Co. Litt.* 3 *a.*, 1 *Com. Dig.* 566, *Baron & Feme P.* 2.; and if she may take absolutely, so she may take upon condition, as that she shall support the grantor for life; 1 *Com. Dig.* 570., *Bar. & Feme* 8, 10.; and if her husband knows and does not dissent, the condition binds him. Here was evidence of assent, because the husband lived on the land, and enjoyed the fruits of the lease; and the judge precluded the jury from weighing it, because he declared the lease void. If the wife seals a bond in the husband's presence, and he does not gainsay it, it binds him. 2 *Freem.* 215. 2. But if there was no assent, the wife confirmed it after her husband's death, and performed her stipulations to the lessor. This being the case, it is against equity for the devisees of the lessor to set aside the lease; and the reason of the rule laid down by the judge failed, because, although an action might not have lain against the wife, yet in equity the result was the same, because she had done all that an action could have demanded.

*Kelly* and *Bowie* contra. The deed of a *feme covert* is not voidable like some which an infant may execute, but is absolutely void; *Co. Litt.* 42 *b, note;* and in the present instance it contained the ingredient of a penalty, which even in the case of an infant is fatal. *Co. Litt.* 172 *a, note.* Her deed is void, she is incapable of consent. 1 *Bac. Abr. Agreement A.* It is void in some cases also, because she is incapable of performing the covenants it may contain, and cannot be coerced.

The judge was therefore right in his charge to the jury, because there was no evidence that the lessee had performed her stipulations, and that being the case, as an action would not lie against her, the lessor and his representatives were without remedy. But as the whole evidence is brought up

by consent; this Court will not reverse the judgment for an. error in the charge, if justice has been done. The lease did not bind the husband, because there was evidence that he dissented; and the taking a new lease after her husband's death, was an acknowledgment by the wife that the first lease was void.

TILGHMAN C. J. It was given in charge by the President of the Court of Common Pleas, that the lease was void, because made to a married woman, against whom no action could be supported for the non-performance of her part of the agreement. He took for granted from the evidence that the husband did not assent. This broad position took from the jury all right of considering the circumstances of the case; and it appears to me that the president went too far in saying that the lease was void, because no action lay against the woman. For granting that no action lay, yet if in fact all the stipulations on her part were complied with, both during her husband's life and afterwards, neither *Finley* himself who had received the benefit of those stipulations, nor the plaintiffs who claim under his will, would be permitted to aver that the lease was void, such averment being against all equity and good conscience. A married woman may take by purchase unless her husband expressly dissents. So that the jury should have been instructed to consider, whether from the direct or circumstantial evidence, *George Baxter* the defendant's husband had assented to this lease, or whether the terms agreed to by his wife had been complied with, and in either case, if their opinion should be in the affirmative, the lease was valid and the plaintiffs ought not to recover. I give no opinion on the evidence, which is sent up with the record, that being a matter not proper for our consideration. On the whole I am of opinion that there was error in the judge's charge, and therefore the judgment should be reversed, and a *venire facias de novo* awarded.

YEATES J. The authorities cited on the part of the plaintiff in error abundantly prove, that a deed made to a married woman may take effect, provided her husband assents thereto, or even in case he does not dissent. It ought therefore to have been submitted to the jury, whether any act on

1814.

BAXTER
v.
SMITH.

the part of the husband, invalidated this demise. Certain acts on his part might subject him to the stipulations contained in this lease, in equity. If the wife faithfully performed what was incumbent on her to do during her husband's life, and *acting under the lease* still continued to perform its duties after his death, it would be such an affirmance, as would estop *Andrew Finley* and those claiming under him, from defeating his solemn deed. But all these facts were withdrawn from the consideration of the jury, by the Court's declaration, that the lease was absolutely void. I think therefore, that the cause was not decided on its correct merits, that the judgment should be reversed, and a *venire facias de novo* awarded.

BRACKENRIDGE J. concurred.

Judgment reversed.