H. T. JEFFREES and another v. S. T. GREEN and wife.

*Married Women—Deed of Trust.*

Where a married woman purchased certain real estate taking title to herself, and borrowed money with which to pay the purchase money, and to defray necessary family expenses and for carrying on her farming operations on other lands, and to secure the sum borrowed executed with her husband a deed of trust on certain land of her separate estate ; *It was held*, that such deed of trust was valid.

(*Purvis* v. *Carstaphan*, 73 N. C. 575 ; *Pippen* v. *Wesson*, 74 N. C. 437 ; *Atkinson* v. *Richardson*, Ib. 455, cited, distinguished and approved.)

CONTROVERSY submitted without action under C. C. P., § 315, at Spring Term, 1878, of WARREN Superior Court, before *Seymour, J.*

The facts appear in the opinion. His Honor held that the deed of trust was valid, and the defendants appealed.

*Messrs. Merrimon, Fuller & Ashe*, for plaintiffs.
No counsel in this Court for defendants.

FAIRCLOTH, J. The case is this : The feme defendant purchased a house and lot and took title to herself, and borrowed money with which to pay the purchase price, and to defray necessary family expenses, and for " carrying on her farming operations upon her several tracts of land," and she and her husband conveyed, by deed and privy

examination duly taken, one of her several tracts of land in trust to secure the payment of said borrowed money. Is the land thus conveyed liable for the debt?

We can scarcely see any room for argumentation except on the theory that a feme covert can not sell or charge her separate estate for her own benefit, or the improvement of her own property. This would go much beyond the purpose of the liberal legislation of the State in favor of married women, and would be highly judicial to their material interests.

The cases to which we were referred—*Purvis* v. *Carstaphan,* 73 N. C., 575; *Pippen* v. *Wesson,* 74 N. C., 437; and *Atkinson* v. *Richardson,* Ib. 455—were contracts for the benefit of the husband, or her estate was not charged. In the latter case there was no express charge on the land, and it was sought to be charged by implication, but this was not allowed. It was there said that "a married woman may purchase property for ready money, but not on credit; and she may contract debts for the benefit of separate property which she already owns, as for building a house on the premises, &c.

Let it be certified that there is no error, and let the sale proceed according to the agreement of the parties.

No error.                                     Affirmed.