A. P. NEWHART v. H. B. PETERS and others.

*Husband and Wife—Mortgage—Demurrer.*

1. In an action of foreclosure, it was alleged that a note was made by the wife for money borrowed by her, and to secure its payment the husband and wife joined in a mortgage deed of her land; a third party claiming an interest therein, was made a defendant and demurred to

the complaint, for that, it did not state a cause of action against the *feme* defendant so as to subject her land to sale, the note not having been made with the written consent of her husband, and the court sustained the demurrer; *Held,* to be error.

2. A mortgage deed of husband and wife conveying the wife's land to secure payment of a debt, is binding upon the wife.

(*Purvis* v. *Carstaphan,* 73 N. C., 575; *Shinn* v. *Smith,* 79 N. C., 310; *Jeffrees* v. *Green, Ibid.,* 330, cited and approved.)

CIVIL ACTION tried at Spring Term, 1878, of MECKLEN-BURG Superior Court, before *Cox, J.*

This action was brought for the foreclosure of a mortgage and heard upon demurrer, which His Honor sustained and dismissed the case, and the plaintiff appealed. The facts are set out by THE CHIEF JUSTICE.

*Messrs. J. E. Brown* and *Shipp & Bailey,* for plaintiff.
*Mr. R. Barringer,* for defendants.

SMITH, C. J. The plaintiff alleges, in his complaint, that the feme defendant, becoming indebted to him for borrowed money, on the 31st day of December, 1871, executed her bond therefor, payable at nine months and with interest from date, and that no part of the debt has been paid. That at the time of giving the bond the defendant, H. B. Peters and wife, in order to secure its payment, executed a deed of mortgage conveying to him a certain lot in Charlotte, belonging to the wife, which has been duly proved and registered. The prayer is for judgment on the bond and a foreclosure and sale of the land to pay the debt. No answer has been put in. At spring term, 1877, next after that to which the suit was brought, the First National Bank of Charlotte was also made a party defendant with leave to answer or demur to the complaint, and at fall term following filed a demurrer. The cause of demurrer assigned is, that the complaint does not state facts sufficient to con-

stitute a cause of action against the feme defendant, so as to subject said realty for sale as prayed for, and thus dispossess the said corporation, in that it does not appear on the face of the complaint that the contract specified as being entered into by the wife, was made with the written consent of her husband, or for purposes necessary under the law to make it a binding obligation on her. The court below sustained the demurrer and from the judgment thereon the plaintiff appealed. There is error and the demurrer must be overruled:

1. The demurrer admits the facts to be as stated in the complaint and the defence rests upon their *insufficiency* to constitute a cause of action. No other facts can be introduced or considered by the court. There is no averment found in the complaint showing or from which an inference can be drawn, that the bank has any interest in the subject matter, or can be affected by the result of the suit. So far as appears, it intervenes in a dispute to which it is an entire stranger.

2. The validity of the bond and the legal capacity of the feme defendant to execute either it or the mortgage, are questions personal to her and to such others only as may have derived from her some claim or right to the property conveyed. It is for these only and not for others to set up the defence and resist the action.

3. Though it may be unnecessary to the decision, as our opinion is clear on the point discussed by the counsel of appellee, we fully concur in the adjudications heretofore made, that the husband and wife can by deed of mortgage, executed, proved and registered as prescribed by law, make an effectual conveyance of her lands and subject them to the payment of debts or other liabilities. *Purvis* v. *Carstaphan,* 73 N. C., 575; *Shinn* v. *Smith,* 79 N. C., 310; *Jeffrees* v. *Green,* *Ibid.,* 330.

The doctrine that a feme covert can make an absolute

deed for her land, but cannot mortgage them, involves the absurdity of allowing her to deprive herself of her property altogether, and disabling her from reserving an equity of redemption for her own benefit.

Error.　　　　　　　　　　　　　　　　Reversed.