WILLIAM JOHNSTON v. WILLIAM R. COCHRANE and wife.

*Contract of sale of land to Feme Covert—Equitable Rights of Vendor.*

Plaintiff entered into a contract with a feme covert to sell and convey her certain land upon payment of a stipulated sum, and thereupon she and her husband entered into possession and still occupy the premises, having paid a part of the price; *Held*, on default of payment of bal. ance, the plaintiff is entitled to relief in having the trusts growing out of the transaction closed, and if the amount found to be due under the contract of sale be not paid, to have the land sold by decree of court and proceeds applied to the debt. The feme defendant does not set up the defence of coverture, nor elect to repudiate her obligation.

*Kornegay* v. *Carroway*, 2 Dev. Eq., 403; *Oliver* v. *Dix*, 1 Dev. & Bat. Eq., 605; *Mebane* v. *Mebane*, 80 N. C., 34, cited and approved.)

CIVIL ACTION tried at Spring Term, 1880, of MECKLEN-
BURG Superior Court, before *McKoy, J.*

The defendants appealed from the judgment below.

*Messrs. Jones & Johnston,* for plaintiff.
*Messrs. W. W. Fleming* and *Walter Clark,* for defendants.

SMITH, C. J.   On the 24th day of April, 1877, the plain-
tiff, owning the lot of land described in his complaint, en-
tered into an agreement with the feme defendant, wife of
the other defendant, for the sale and conveyance to her of
one undivided moiety thereof for the consideration of
$2,190.38, and executed his bond to make title when the
same was paid.   He further contracted to cause to be trans-
ferred for her use a judgment recovered by the Commercial
National Bank against the defendant, her husband, principal
debtor and himself as surety, for about $1,800, which had
been assigned to a trustee for the plaintiff's benefit.   The
feme defendant at the same time signed and delivered to
the plaintiff her promissory note for the purchase money,
to be paid on the 1st day of January of the next year.   The
defendants entered into possession and have since occupied
the premises under said contract, and on the 3d day of No-
vember, 1879, paid the plaintiff $500 in part of the pur-
chase money.   The residue remains still due.   The plain-
tiff is prepared and offers to comply with all the stipula-
tions assumed by him, on payment of the remainder of the
money.   These facts are alleged and admitted, and there is
in the pleadings no controverted statement admitting an
issue and requiring the intervention of a jury to deter-
mine it.

The plaintiff's right to relief in any form is resisted in
the argument before us, on the ground of a want of capacity
in the feme covert to enter into a binding contract, and on
account of the omission of an averment, to be sustained by

proof, of the plaintiff's tender of a deed, before the com-mencement of the suit. But the defense of coverture is not set up in the answer, nor the invalidity of the contract for that reason relied on, but on the contrary, recognized in the partial payment made under it. It is true her obligation may be repudiated, when not entered into according to the requirements and under the conditions prescribed under the statute, the disabilities of coverture remaining as before the law which secures to married women their separate estate, yet her election to do so ought to be manifested in her answer to the complaint. The obligations arising out of the agreement are mutual, and unless binding upon both, are binding upon neither of the parties. The feme defend-ant cannot hold the land without payment of the purchase money, the condition on which the estate was to be con-veyed. The contract of the plaintiff may be enforced, and he has a plain right to have the defendant's election to annul or abide by their mutual and concurrent agreement, as an entirety and not severable in parts.

"Married women may take by purchase, unless their hus-band's dissent, " says TILGHMAN, C. J., in *Baxter* v. *Smith*, 6 Bin., 427.

" If a contract be made with the wife on good considera-tion, during the marriage, the husband may take advantage of it, and recover in an action on it, in which he may join his wife as co-plaintiff. And if he die without taking any such step, the right to sue upon it will survive to the wife." Smith Contr., 221. The same principle is asserted by PARK, B, in *Gaters* v. *Modely*, 6 M. & W., 432, and fully recognized in *Kornegay* v. *Carroway*, 2 Dev. Eq., 403, where the efficacy of a deed conveying a remainder after the life estate in shares to the wife, was upheld.

The plaintiff, however, does not here demand a judgment against the feme for the full amount of her note, as a bind-ing contract, but that the trusts growing out the agreement,

may be closed, and if the defendants refuse to pay what re-
mains due under the contract of sale, the land itself may be
sold, and the proceeds applied thereto.   This equity is clear
and incontestable, and this relief only, is afforded in the
judgment appealed from.

The objection based upon the failure to tender perform-
ance, is untenable in itself, and would be rendered so by the
defendant's resistance to the action.   *Oliver* v. *Dix*, 1 Dev. &
Bat. Eq., 605.

The judgment must be modified, however, so as to require
the sale, if made, to be reported for confirmation, the proper
practice prescribed in *Mebane* v. *Mebane*, 80 N. C., 34, and in
other respects must be confirmed.

This will be certified for further action in the court below

PER CURIAM.                          Modified and affirmed.