E. & A. J. BURNS v. HUGH McGREGOR and wife.

*Married Women, contract of—Equitable lien on land to secure purchase money.*

A married woman, her husband joining in the deed, conveyed land she owned and received a deed for a tract of greater value, in pursuance of an arrangement to exchange the tracts; she agreed to execute note and mortgage to plaintiff on the latter tract to secure the difference in the price, which was accordingly done, jointly with her husband; but she refused to acknowledge that the mortgage was executed of her own free will; *Held,* that while she cannot be compelled to make the acknowledgment, the contract is binding, and the land conveyed to her subject to the payment of the price, by reason of an equitable lien in favor of the plaintiff; if she keeps the property she must pay the debt. But the land is not chargeable with the debt due by the husband to the plaintiff, and included in the note.

(*Atkinson* v. *Richardson,* 74 N. C., 455; *Pippen* v. *Wesson, Ib.,* 437; *Bunting* v. *Jones,* 78 N. C., 242; *Newhart* v. *Peters,* 80 N. C., 166; *Hall* v. *Short,* 81 N. C., 273; *Johnson* v. *Cochrane,* 84 N. C., 446; *Scot* v. *Battle,* 85 N. C., 184, cited and approved).

CIVIL ACTION tried upon demurrer to complaint at Spring Term, 1883, of ROBESON Superior Court, before *MacRae, J.*

The court overruled the demurrer and gave judgment for plaintiffs and the defendants appealed.

*Messrs. French & Norment,* for plaintiffs.
*Messrs. Rowland & McLean,* for defendants.

MERRIMON, J.   The demurrer admits the averments of the complaint, and the facts therein stated must be accepted as substantially true.   So that the question is, does the complaint state a cause of action?

It appears that the *feme covert* defendant was the owner in her own right of a tract of land and desired to exchange it for another tract of greater value that the plaintiffs had purchased from D. M. Currie, but for which they had not taken title to themselves.

It was accordingly agreed between the plaintiffs and the *feme* defendant, that she should convey her tract of land to the said Currie at the price of $1,000; that the latter, at the instance of the plaintiffs, should convey to her the title in fee for the tract he had sold them, at the price of $1,300; that she should join her husband in the execution of two promissory notes to plaintiffs due at different times, and also execute a mortgage of the land (so to be conveyed to her) to secure the payment of these notes.

In pursuance of such agreement, the wife and her husband joined in a conveyance of her land to Currie, and the latter and his wife joined in a proper deed conveying the fee simple title, in the land sold by Currie to the plaintiffs, to the *feme* defendant.

The *feme* defendant and her husband joined in the execution of two notes, each for $237.50, and a mortgage of the land so conveyed to her, to secure the payment of these notes, but upon her privy examination before a justice of the peace, touching

her free consent in the execution of the mortgage, she persistently refused to acknowledge the execution thereof by her of her own free will and consent, and thus refused to give the mortgage efficiency.

In the two notes was embraced a debt of $175.00 of the husband due to the plaintiffs.

The contract between the plaintiffs and the *feme* defendant was intended to be one transaction. The deeds, the notes and the mortgage were to be executed simultaneously. It was manifestly not the intention of the plaintiffs to relinquish their right to have the title to the land they had purchased from Currie, until the difference in value between this land and that of the *feme* defendant should be paid. The wife and the husband so understood, and the latter approved of the contract in writing, by joining his wife in the execution of the deed to Currie, and the notes and the mortgage to the plaintiffs. Indeed, it was of the substance of the agreement, that the plaintiffs should have a lien upon the land to secure their debt of $300, the difference in value between the two tracts.

The wife having obtained the title to the land she desired to own, availing herself of her disabilities as a married woman, refused to pay the difference in price of the two tracts, or to execute the mortgage to secure it, as she agreed to do. Having gotten the title, she seeks to avoid paying a part of what she justly owes and agreed to pay for it! She repudiates her contract, and desires to obtain the fruit of so much of it as is beneficial to herself!

This the law will not tolerate. The constitution and the statute wisely extend large and careful protection and safeguards to married women in respect to their rights and property, but it is no part of their purpose to permit, much less help one of them to perpetuate a fraud, if by possibility, under some sinister influence, she should attempt to do so. It would be a reproach upon the law if such a thing could happen.

In this case the wife cannot be compelled to execute the mortgage, as she agreed to, or to reconvey the land she has the legal title for, to Currie or the plaintiffs, upon the payment to her of $1,000, the price of the land she conveyed to Currie; but she took the land conveyed to her by him, charged in her hands, with an equitable lien in favor of the plaintiffs, arising out of the contract to secure the money she agreed to pay them as the difference in value between her land and theirs. There was no agreement that the title to the land should pass to the wife absolutely; on the contrary, it was in effect stipulated that it should not. In such a case, the creditor may, in an action like the present one, reach the property for which the debt was contracted, and sell so much of it as may be necessary to discharge the debt. The wife may, under an engagement not legally binding upon her, refuse to pay her debt, but if she does so, she cannot keep the property for which the debt was contracted. It would contravene the plainest principles of justice to allow a married woman to get possession of property under an engagement not binding upon her, and let her repudiate her contract and keep the property! She must observe and keep her engagement, or else return the property; if she will not, the creditor may pursue and recover it by proper action in her hands. *Atkinson* v. *Richardson*, 74 N. C., 455: *Bunting* v. *Jones*, 78 N. C., 242; *Newhart* v. *Peters*, 80 N. C., 166; *Hall* v. *Short*, 81 N. C., 273; *Johnson* v. *Cochrane*, 84 N. C., 446; *Scott* v. *Battle*, 85 N. C., 184.

If, however, one under a contract not binding on her sell property to a married woman, that shall be consumed or disposed of in some way, so that he cannot reach it, if she chooses to disaffirm her contract, and not pay the purchase money, in that case, the creditor must pay the penalty of his folly in the loss of his debt. *Scott* v. *Battle, supra.*

The notes mentioned include a debt of $175.00, that the defendant husband owed the plaintiffs. This the wife is not bound to pay; it is not a part of the price of the land, nor is

the land chargeable with it. *Pippen* v. *Wesson*, 74 N. C., 437.

The court properly overruled the demurrer. There is no error, and the judgment must be affirmed. Let this be certified.

No error.                              Affirmed.