ALFRED ALEXANDER v. L. B. DAVIS and wife, ANN E. DAVIS, and JOSHUA B. DAVENPORT.

*Married Woman—Power of Appointment—Mortgage.*

When land had been conveyed by A. to a trustee, in trust, to be held to the sole and separate use of A.'s wife and her heirs, free from any debts or contract of A., and to "such other uses as she may at any time appoint by writing signed with her hand, whether by deed attested by one or more witnesses, or by will," &c.: *Held,* that a mortgage, with power of sale to secure a debt, made by A. and wife. attested by a witness, properly proved, with private examination of wife, and registered, was valid, and that the purchaser at a sale by the mortgagee could recover possession from A. and his wife, and require the trustee to convey his legal estate.

102—2

CIVIL ACTION to recover land, tried before *Graves*, *J.*, at Fall Term, 1887, of the Superior Court of WASHINGTON County.

The following are the facts agreed:

1. In August, 1868, the land in controversy belonged to L. B. Davis..

2. At that time Davis conveyed the said land to the defendant Davenport, trustee, by deed hereto attached and made part of this case, marked " A."

3. Davis and wife remained in possession of said land from August, 1868, up to the present time.

4. On May 20, 1886, L. B. Davis and his wife, to secure a bond due by them to Alexander & Woodley, conveyed the said land to Alexander & Woodley by the mortgage deed hereto attached and made part of this case, and marked " B."

5. On March 19, 1887, Alexander & Woodley, in accordance with the provisions of said mortgage deed, sold the said lands at public biddings to the plaintiff Alfred Alexander, and executed to him the deed hereto attached, marked "C."

6. Joshua B. Davenport had no notice whatever of the execution by Davis and wife of the mortgage deed aforesaid, and Alexander & Woodley had no actual notice of the existence of the deed to Davenport.

7. The rental value of the said land is fifty dollars per annum.

8. Davis and wife have refused to give possession after demand, and now withhold the same, and Davenport has refused to convey the legal title to the plaintiff.

If upon these facts the opinion of the Court be with the plaintiff, judgment is to be rendered in his favor against Davis and wife for the possession of the land, and the sum of fifty dollars rent due, and the cost of this action, and against Davenport that he convey the legal title to the plaintiff; otherwise, judgment shall be rendered that the defendants go without day and recover their costs.

The defendant Ann E. Davis is the wife of the defendant L. B. Davis, and the deed referred to and marked " A " contains the following:

" In trust, that the said Joshua B. Davenport will hold the said Cool Spring tract to the sole and separate use of my wife, the said Ann Elizabeth Davis, and her heirs free and discharged from any debts, control or liability of me her said husband, and also to any such use or uses as she may at any time appoint by writing signed with her hand, whether by deed attested by one or more witnesses or by will executed in the manner required for the execution of wills."

The mortgage deed marked " B " was executed by L. B. Davis and Ann E. Davis his wife to M. M. Alexander and T. M. Woodley, to secure the payment of the sum of $500, with power of sale in default of payment upon the terms mentioned in the deed. This deed was witnessed by A. Armstrong. The private examination of the *feme* defendant was properly taken and the deed properly proved and registered. The land was sold by the mortgagees in accordance with the power of sale contained in the mortgage deed, and the plaintiff became the purchaser and the land was duly conveyed to him by the mortgagees.

There was judgment for the plaintiff and appeal by defendants.

*Messrs. W. D. Pruden* and *C. L. Pettigrew*, for the plaintiff.

*Messrs. J. E. Moore* (by brief) and *C. F. Warren*, for the defendants.

DAVIS, J. (after stating the case). It is insisted for the defendants that " the power of the wife was to appoint to a use or uses by deed or will " executed in the manner directed by the deed from L. B. Davis to the trustee Davenport, and that the mortgage is not such an execution of the power as was contemplated and authorized, and that it is inoperative

to convey the land. It is also objected that the trustee did not join in the deed.

The trustee held the naked legal title for the purposes set out in the deed, and upon the conveyance by the wife in conformity with the requirements of the deed the legal title should follow.

Conceding, as was held in *Hardy* v. *Holly*, 84 N. C., 661, that the power of disposition by the wife is not absolute, but is limited to the mode and manner pointed out in the deed made for her benefit, in the case before us there was a compliance with every requisite of the deed and every requirement of law necessary to give effect to the disposition of the use made by her. *Newhart* v. *Peters*, 80 N. C., 166, and cases there cited; *Frazier* v. *Brownlow*, 3 Ired. Eq., 237; *Miller* v. *Bingham*, 1 Ired. Eq., 423; *Newlin* v. *Freeman*, 4 Ired. Eq., 312.

It is said by counsel for defendants that " the power to sell does not convey ordinarily a power to mortgage." Admit this to be so in conveyances to trustees for purposes of sale only, the deed to Davenport is very different; it conveys to him the mere legal title, to be held for the *feme* defendant and to such " use or uses as she may at any time appoint" in the mode designated. The absolute power of disposal is in her limited only by the mode pointed out, and by it the trustee is not required to join in the deed.

The husband and wife can by deed of mortgage, executed, proved and registered as required by law, convey the wife's lands and subject them to the payment of debts or other liabilities. *Newhart* v. *Peters, supra; Norris* v. *Luther*, 101 N. C., 196, and cases cited. This is also sustained by *Hardy* v. *Holly*, and the authorities there cited. No question was made in the ruling in that case as to the *power* of the wife to make a mortgage, but there was a failure to comply with the provisions of the instrument creating the separate estate of the wife. That is not so here.

There is no error. Affirmed.