*In re* R. M. FREEMAN.

*Mortgage of Wife's Land for Improvement of Land—Curtesy.*

Where a *feme covert* with the consent of her husband mortgaged her separate real estate to secure money borrowed upon the joint note of herself and husband to improve the land, and upon the death of the wife the land is sold upon the petition of the surviving husband and the heir of the wife, the curtesy interest should not be charged with the debt, but the debt should first be paid out of the entire proceeds and the curtesy interest ascertained and paid from the surplus.

This was an *ex parte* petition for the sale of land, heard before the Clerk of the Superior Court of WAYNE County. It appeared that Lilly W. Freeman, being the owner of a lot in Goldsboro, executed a mortgage with her husband to recover a note for $1,000 for money borrowed to improve the lot which, upon her death, descended to her only child, the infant petitioner. It appearing to the interest of the parties that a sale should be made at $2,750 it was so ordered and *Bynum, J., at Chambers*, rendered the following judgment:

"It appearing to the Court that Lilly W. Freeman died leaving her surviving R. M. Freeman, Jr., her son and only heir-at-law, and R. M. Freeman, her husband—and that during her life she and her said husband executed the note and mortgage set out in the petition—that the debt had not been paid—but was due and owing at the time of her death—and it appearing that the said R. M. Freeman is tenant by the courtesy.

It is therefore adjudged:

1st. That the debt and mortgage is a lien on the entire property.

*In re* FREEMAN.

2nd. That the curtesy interest of the said R. M. Freeman is liable first to pay the indebtedness.

3rd. The Clerk will therefore ascertain what is the cash value of the interest of the said R. M. Freeman in the said house and lot—at the date of the decree for sale and apply so much of the money due him as tenant by the curtesy as may be necessary to pay off and discharge said debt and interest—the balance to be paid to him.

4th. If there be not enough found to be due him as tenant by the curtesy to pay said debt—then the balance necessary to pay the same to be paid out of the amount due to R. M. Freeman, Jr., as heir-at-law of Lilly W. Freeman."

From this judgment the petitioner (R. M. Freeman) appealed.

*Messrs. Aycock & Daniels*, for R. M. Freeman (appellant).

No counsel, *contra*.

AVERY, J.: The note being in form a joint contract of husband and wife was, within the meaning of the statute, executed with his written consent. *Farthing* v. *Shields*, 106 N. C., 289; *Flaum* v. *Wallace*, 103 N. C., 296. While she did not specifically charge her separate personal estate or enter into a contract in any way enforcible against her by merely signing such a note as is described in the record sent up, she did afterwards bind the land conveyed in the mortgage deed executed by her husband and herself. *Farthing* v. *Shields*, *supra*, at p. 299; *Thurber* v. *LaRoque*, 105 N. C., 301; *Williams* v. *Walker*, 111 N. C., 604. She might have so encumbered her own land to secure a debt of the husband created for and enuring solely to his benefit. *Shinn* v. *Smith*, 79 N. C., 310; *Newhart* v. *Peters*, 80 N. C., 166.

Here however it is found as a fact that the money which was the consideration of the note, was paid to her and was expended by her in building a house, which of course enhanced the value of the land sold. It was competent and pertinent as between the parties interested to enquire into the consideration. *Flaum* v. *Wallace, supra; Jeffries* v. *Green,* 79 N. C., 330.

The wife died, leaving as her only heir-at-law the infant petitioner, R. M. Freeman, Jr., who, with his next friend appointed by the Court, joins his father, R. M. Freeman, tenant by the curtesy, in the petition to sell the land. The sole question presented by the appeal is whether the mortgage debt, which is a lien upon the land, is to be first discharged out of the purchase money arising from the sale of the land, and then the present value of the husband's life estate in the residue ascertained and paid to him, or whether the present value of his life estate in the whole fund is to be first determined and the whole, or so much of it as may be necessary, applied to the payment of the debt in exoneration of the interest of the heir-at-law. The wife was not surety for the husband and her infant heir-at-law cannot invoke the aid of the principle approved in *Weil* v. *Thomas,* 114 N. C., 197, for the reason that his mother did not mortgage her land to secure a debt created by the husband for his own benefit, but to procure money to be expended on the improvement of her separate real estate. The right of the wife to secure the payment of money expended in the improvement of her own land by conveying it by a mortgage deed, in which the husband joins and with privy examination of herself, cannot be questioned, as was said by the present Chief Justice in *Jeffries* v. *Green, supra,* "except upon the theory that a *feme covert* cannot sell or charge her separate estate for her own benefit or the improvement of her own property."

The consideration of the debt having enured to the enhancement in value of the very tract of land now sold, it would be inequitable, when the purchase money comes into Court for division between her husband, as tenant by the curtesy, and her heirs-at-law, to devote so much of it as is due him in lieu of his life estate to the payment of the unpaid balances on the note, on the ground that she, as surety, had pledged her property for his debt. *Atkinson* v. *Richardson,* 74 N. C., 455. Such a ruling would be founded upon a theory clearly contradictory of the facts explicitly found by the Court as the basis of the decree.

For the reasons given the judgment must be reversed and judgment entered below in accordance with this opinion.

Reversed.