CAROLINA INTERSTATE BUILDING AND LOAN ASSO-CIATION v. WILLIAM E. BLACK AND WIFE, EMMA C. BLACK.

*Action to Foreclose Mortgage—Married Woman—Mi-nor—Executors—Contracts of Married Woman—Estop-pel—Subrogation.*

1. A married woman is incapable of entering into any contract to affect her real and personal estate, except for her necessary personal expenses, or for the support of her family, or such as were necessary in order to pay her ante-nuptial debts, without the written assent of her husband, unless she is a free trader.

2. In order to charge the wife's separate property, where the husband's assent is given, the intent to so charge it must appear on the face of the instrument creating the liability, though the property to be subjected need not be specified.

3. A wife cannot subject her land, or any separate interest therein, in any possible way, except by a regular conveyance, exe-cuted according to the requirements of the statute.

4. Where a married woman, who was at the time a minor, applied for a loan and executed a note and a mortgage purporting to convey her separate real estate to secure the note given for the loan; *Held*, that fraudulent representations made by her at the time the mortgage was executed that she was twenty-one years of age will not estop her to insist upon the invalidity of the mortgage, though the representations were material inducements towards the making of the loan.

5. Where a married woman obtains a loan and gives a mortgage to discharge a lien on her separate estate, and such mort-gage is void, the lender is not entitled to be subrogated to the lien of the mortgage so discharged.

CIVIL ACTION, tried before *Starbuck, J.*, at Spring Term, 1896, of MOORE Superior Court. The action was insti-tuted to foreclose two certain mortgages executed by the defendants to the plaintiff on the 5th day of September, 1891, and the 5th day of September, 1892, respectively, to

secure two certain bonds of same date for loaned móney—the first in the sum of $400 and the second in the sum of $150.

The defendants admitted the execution of the bonds and mortgages and the proper registration of the mortgages, but denied the right of the plaintiff to recover against the *feme* defendant, on the ground that the *feme* defendant was, at the time said mortgages were executed, an infant under the age of twenty-one years, and on other grounds set forth in the answer.

It was admitted that the land described in said mortgages was the property of the *feme* defendant, and that both mortgages embraced the same property.

The issues and responses were as follows:

1. Did Emma C. Black execute the bonds and mortgages described in the complaint as surety for her husband to the knowledge of the plaintiff? Answer, "No."

2. Did the plaintiff, by a binding agreement, extend the time of payment of said bonds by William E. Black without the knowledge and consent of Emma C. Black? A., "No," by consent.

3. Was Emma C. Black, at the time of the execution of said bonds and mortgages, an infant? A., "Yes."

4. If so, has Emma C. Black ratified the execution of said bonds and mortgages after becoming twenty-one years of age? A., "No," by consent.

5. Did Emma C. Black sign applications for the loans secured by the bonds and mortgages which were described in the complaint? A., "Yes," by consent.

6. Did said applications contain the statement that Emma C. Black was twenty-one years of age? A., "Yes," by consent.

7. Did Emma C. Black sign said applications knowing that they contained this statement? A.. "Yes."

LOAN ASSOCIATION *v.* BLACK.

8. Did said statement constitute a material inducement to the plaintiff to make said loan ?  A.,  " Yes."

9. Was the money, or any part of it, advanced on these loans applied to the liquidation of the mortgage lien of D. A. McDonald on defendant Emma C. Black's land described in the pleadings?  A.,  " Yes ; $175."

Issues 7, 8 and 9 submitted on objection of defendants, the court stating it would pass upon their materiality after they were answered by the jury.   The plaintiff moved for judgment of foreclosure on both mortgages and for a judgment against defendants for balance due, etc.   Motion denied.   Judgment was then rendered declaring the notes and mortgage void as to Emma C. Black, and plaintiff appealed.

*Messrs. Black & Adams,* for plaintiff ( appellant ).
*Messrs. Douglass & Spence,* for defendant.

AVERY, J. :  This action is brought to recover judgment for the amount of two notes signed by William E. Black and his wife Emma C. Black, and to foreclose two mortgages executed at the respective dates of the two notes, and purporting to convey the separate real estate of the wife to secure them.   The answer sets up as a defense that the *feme* defendant was under the age of twenty-one when she signed the notes and mortgage, and was then, and has continued up to the present to be, under the additional disability of coverture.   The jury found these averments of the answer to be true.   The plaintiff relies by way of replication upon the facts afterwards found by the jury, that the *feme* defendant signed an application for the loan of the money that was the consideration of the note sued on, knowing that it contained a representation that she was twenty-one years old, and that her representation operated as a material inducement to plaintiff to make the

loans. The jury further found in response to an issue that $175 of the money loaned on the notes and mortgages was expended in discharging the lien of a mortgage of D. A. McDonald on the land embraced in the description in the mortgages sued upon.

The main contention of the plaintiff is that the *feme* defendant has become liable, and has subjected her property to the lien of the mortgages, not by force of the agreement to pay, but because she is estopped to deny the false and fraudulent representations that were the means of procuring the plaintiff's money. The plaintiff is the actor in this suit and seeks to recover on an alleged contract entered into by one at the time both an infant and a *feme covert*, and to subject her real property, conveyed under a deed executed while both disabilities existed.

1. If the *feme* defendant had been twenty-one years old she would have been incapable of entering into any " *contract* " to affect her real and personal estate, except for her necessary personal expenses or for the support of her family, or such as were necessary in order to pay her debts existing before marriage without the written consent of her husband," unless she was a free trader under the provisions of the statute. *Code*, Sec. 1826. The consent of the husband is not required at all where the obligation falls within the three foregoing exceptions. *Flaum* v. *Wallace*, 103 N. C., 296.

2. In order to charge the wife's separate property where the assent of the husband is given, the intent to charge it must appear on the face of the instrument creating the liability, though the property to be subjected need not be specified. The assent of the husband, when given, does not enable the wife to make a contract, but to enter into an agreement in the nature of an executory contract. *Wilcox* v. *Arnold*, 116 N. C., 78; *Bank* v. *Howell*, 118 N. C., 271.

3. The wife cannot subject her land or any separate interest therein, in any possible way, but by a regular conveyance executed according to the requirements of the statute. The law will not allow her, even though she be twenty-one years of age, to dispense with these necessary forms, and accomplish indirectly, either by silence or active participation in a fraud, what the Constitution, as construed by the courts, prohibits her from doing directly. *Thurber* v. *LaRoque*, 105 N. C., 301, 311; *Farthing* v. *Shields*, 106 N. C., 289; *Hughes* v. *Hodges*, 102 N. C., 236; *Lambert* v. *Kinnery*, 74 N. C., 348; *Littlejohn* v. *Egerton*, 76 N. C., 468.

It follows, from the principles already stated, and which are sustained by abundant authority, that if the *feme* defendant had been of full age her agreements to pay money, embodied in the notes, would have been void, and had she been discovert and under twenty-one, those stipulations would have been, in the view most favorable to their enforcement, voidable. She could not have ratified a void agreement, and if either of them had been voidable only, the jury have found as a fact that there has been no attempt at affirmance since she attained her majority. There was no error, therefore, in refusing to render a personal judgment against her as an obligor to the notes. *In re Freeman*, 116 N. C., 199.

When the wife is of full age she may, by joining her husband in a deed executed as prescribed by law, subject her land to a lien to secure the husband's debt. *Jeffrees* v. *Green*, 79 N. C., 330; *Newhart* v. *Peters*, 80 N. C., 166; *In re Freeman*, *supra*. But where her deed is void for failure to comply with the requirements of the Constitution, she cannot, " by the indirect medium of an estoppel, " created by her conduct, *in pais*, impart validity to it.

*Williams* v. *Walker*, 111 N. C., 604; *Lambert* v. *Kinnery*, *Hughes* v. *Hodges*, *Thurber* v. *LaRoque*, *supra*.

The *feme* defendant is not an actor here. The controversy hinges mainly upon the questions whether she has entered into a contract upon which a personal judgment can be recovered against her, and whether her separate real estate can be subjected under the mortgage deed. The prayer in the answer that the notes and mortgages be ordered to be surrendered and cancelled does not give character to the action. That prayer is predicated· upon the idea of a previous holding that these instruments are void as contracts or conveyances, and it could be withdrawn if necessary. The contention which confronts us before reaching that question is that the *feme* defendant is estopped by her conduct from setting up her disability in avoidance of her deed. If she had come into a court where both the principles of law and equity are administered, seeking to repudiate her own promise because it was invalid as a contract, and at the same time refusing to surrender what she acquired as a consideration for that promise, the principle enunciated in *Walker* v. *Brooks*, 99 N. C., 207, and in *Burns* v. *McGregor*, 90 N. C., 222, would apply, and she would fail to find protection in the perpetration of the fraud by permitting her to retain the fruits of it, while she repudiated the supposed obligation incurred in order to acquire the money. The courts are not at liberty to violate the Constitution, even for ‘the purpose of rectifying what is morally wrong and restoring to the rightful owner property acquired· by resorting to unconscionable methods. Where the Constitution has imposed well-defined limits to the capacity of married women to contract, they cannot by their own acts enlarge their powers. Bigelow on Estoppel, (3d Ed.,) p. 51.

We have discussed the exceptions upon the theory that the plaintiff set up the fraud in pleadings by way of estoppel, though there seems to be some dispute as to whether the amendment to the replication relating to the infancy of the *feme* defendant was ever allowed by the court. The plaintiff contends that, apart from the effect of coverture upon the validity of her promises and deeds, the female defendant was estopped as an infant from avoiding and repudiating the obligation of those instruments because she misled the plaintiff by the representation that she was twenty-one years old. It is a principle as old as the common law that agreements or attempted contracts of infants are voidable at the option of the infant on attaining his majority. It is expressly found here that there was no ratification, if such a thing had been possible where the double disability existed. But it is insisted that because she obtained money by false representations as to her age, she was estopped from denying her obligation to pay. If the courts should sanction this doctrine, the result would be that the ancient rule, established as a safeguard to protect infants from the wiles of designing rascals, would be abrogated, and the way opened up to reckless youths to evade the law by lying. The courts would thereby put a premium upon falsehood and hold out the temptation to infants and to others, who hope to profit by debauching them, to resort to this disreputable method of enabling the one to squander and the other to extort the patrimony intended to prepare a child for future usefulness.

On the other hand, considering the defendant as a *feme covert* only, the fund expended in payment of a mortgage, of which we have no history, but which is found to have constituted a lien on her land, could not be followed upon the principle of subrogation, or any other principle, so as to subject her land. Where the wife is silent when the

husband expends money on her separate real estate, that fact in no way affects her title. *Thurber* v. *La Roque, supra.*

If, however, it were conceded that she could not be protected on account of the disability of coverture against the claim of the plaintiff to be subrogated to the rights of the older mortgagee, her position as an infant who had neither ratified an express or implied promise, if made, to reimburse the plaintiff for any such expenditure, if made, would be impregnable. No person can compel an infant, who has not agreed to do so after attaining full age, to repay money expended for him officiously in the improvement of his land, no matter what the effect may have been.

For the reasons given, the judgment is

Affirmed.