L. A. MARTIN AND T. H. BARKER v. THE BOARD OF TRUSTEES OF THE LEAKSVILLE TOWNSHIP PUBLIC SCHOOL DISTRICT.

(Filed 12 November, 1930.)

1. **Corporations C a—Failure of corporation to elect officers or directors does not generally end terms of those previously elected.**

   Where an educational institution, incorporated by private act of the Legislature, is granted a charter providing that four of the trustees named therein should hold office for the period of one year, and four others for a period of two years, and four others for a period of three years, and that their successors should be elected for a term of three years, and there is no provision that the trustees should hold office until their successors are elected, upon the trustees named in the charter continuing in office after the expiration of their term as provided therein: *Held*, no one but the corporation can be heard to complain, the general rule being that the failure of a corporation to elect officers or directors does not necessarily end the terms of those previously elected.

2. **Corporations G d—In this case held: corporation and trustees conveyed good and indefeasible title to purchaser.**

   Where the charter of an educational institution authorizes the trustees to hold real and personal property for the corporation, and a deed is executed conveying the title to land to the trustees, and the trustees

MARTIN v. BOARD OF TRUSTEES.

authorize a deed of trust from the corporation which is executed as its deed, and the deed of trust is foreclosed according to its terms, and the trustee in the deed executes a deed to the purchaser, and the trustees of the institution also execute a deed to the property to the purchaser at the sale: *Held*, neither the corporation nor the trustees can claim any interest in the property and the conveyances conveyed the legal and equitable titles, respectively, to the purchaser at the sale who may transfer a good and indefeasible title thereto, and the fact that at the time of the execution of the deed by the trustees their terms of office under the charter had expired and their successors not elected does not alter this result, and the vendee of the purchaser at the foreclosure sale may not successfully maintain that the title offered was not good on account of the failure of the corporation to elect successors to the original trustees named in the statute.

APPEAL by defendant from a judgment of *Finley, J.,* at Chambers in ROCKINGHAM.

Civil action to compel the defendant to accept a deed for real estate tendered by the plaintiffs and to pay the purchase price. The case was heard upon the following agreed statement of facts:

The defendant entered into a contract with the plaintiffs for the purchase of certain real estate described in the complaint filed in this cause; the plaintiffs tendered a deed to said real estate and the defendant refused to accept said deed, insisting that said deed did not convey a good and sufficient title to the property as the plaintiffs contracted to deliver.

By a private act of the General Assembly of 1905, chapter 185 of Private Laws of 1905, the Leaksville-Spray Academy was chartered as a corporation for the purpose of conducting a school in the town of Leaksville, North Carolina, but thereafter, the name of said institution was changed to Leaksville-Spray Institute by an act of the General Assembly of 1907, Private Laws, chapter 104, and when said institution was chartered the following parties were named as trustees: W. S. Williams, R. V. Osborne, T. Lee Miller, J. B. Hill, J. P. Wilson, Dr. John Sweeney, J. B. Fagge, Dr. Thos. G. Taylor, D. F. King and A. E. Millner; according to section 4 of said charter, "That the full term of office of trustees shall be three years: *Provided,* that the first four mentioned in section three of this act shall hold office until the annual meeting of the said incorporators of the Leaksville-Spray Academy in nineteen hundred and six, and the second four until said meeting in nineteen hundred and seven, and the third four until said meeting in nineteen hundred and eight, and their successors for a term of three years from the date of their election; subject, however, to removal on the part of said incorporators for improper conduct, inefficiency or neglect of duty. Vacancies caused by death or removal from office may be filled by the board of trustees until the next annual meeting."

No one has ever been elected or qualified to succeed the trustees originally named in the charter of 1905, and there is no provision in said charter that the said trustees shall hold office until their successors are elected and qualified. On 30 November, 1923, a meeting was held by the said trustees in accordance with a call issued to all living trustees; at said meeting A. E. Millner, J. P. Wilson, W. S. Williams, T. Lee Millner, B. F. Ivie, and J. B. Taylor, six of the original twelve trustees, were present; trustees R. V. Osborne and D. F. King died prior to this meeting, and Dr. John Sweeney, J. B. Taylor, J. B. Hill and J. B. Fagge were absent from said meeting; all living trustees were duly notified according to the provisions of the charter of said meeting and also according to the provisions of said charter five trustees present constitute a quorum for all business meetings; at said meeting a deed of trust was authorized to be executed to the executors of the estate of D. F. King, deceased, to secure an indebtedness due the said D. F. King by the Leaksville-Spray Institute, and thereafter, on 2 January, 1924, pursuant to a resolution passed at said meeting which was called and held as hereinbefore referred to, a deed of trust, in the sum of $36,587.89 was executed in the name of the corporation and signed by T. G. Taylor, president, and J. B. Taylor, secretary, with the corporate seal affixed, said deed of trust to be due one year from date; thereafter on 30 June, 1930, a sale was held under the said deed of trust and at said sale T. H. Barker and L. A. Martin became the last and highest bidders for said property, their bid being twenty thousand dollars ($20,000), and the said plaintiffs now hold a title to the property under conveyance made by B. E. Ivie, trustee, in the deed of trust hereinbefore referred to; at the time the property was conveyed to the said institution same was conveyed in three tracts, said conveyances were made to Dr. John Sweeney, D. F. King, Dr. Thos. G. Taylor and others, trustees of Leaksville-Spray Institute, and not made direct to the corporation. Some time after the plaintiffs received their title from B. E. Ivie, trustee as aforesaid, the said plaintiffs obtained a conveyance duly signed by A. E. Millner, J. B. Fagge, J. B. Hill, B. F. Ivie, J. P. Wilson and Dr. T. G. Taylor, trustees of Leaksville-Spray Institute, who were all of the trustees living at the time said conveyance was made by them to the plaintiffs and the plaintiffs now hold title to said property as purchasers at the foreclosure sale under a deed of conveyance made direct to them from the trustees of Leaksville-Spray Institute and have tendered to the defendant a deed to said property according to the terms of their contract to the defendant, which deed the defendant refuses to accept and say that the plaintiffs do not have a good title to the property hereinbefore mentioned for the reason that the trustees who were originally named in the charter hereinbefore referred to, were,

in fact, not trustees at the time the meeting was held as hereinbefore referred to, nor when the deed of trust was executed to B. E. Ivie, trustee, and the deed of conveyance which was thereafter executed to the plaintiffs, and were without power and authority to act as trustees for the reason that their term of office had expired according to the provisions of the charter.

The deed herein referred to, which was executed by all of the living trustees of the Leaksville-Spray Institute, was executed pursuant to a resolution passed at a meeting of the incorporators, when and where a majority of the said incorporators were present and voted in favor of said resolution and all living incorporators having been duly notified of said meeting.

Upon the foregoing facts it was adjudged that the defendant be required to perform its contract, accept the deed tendered it by the plaintiffs, and to pay the purchase price and the costs of the action. The defendant excepted and appealed.

*J. Hampton Price for appellant.*
*Allan D. Ivie, Jr., for appellees.*

ADAMS, J. The land in question was conveyed to trustees of the Leaksville-Spray Institute, which is a corporation. It was provided in section 4 of the charter that the first four trustees named in section 3 should hold office until the annual meeting of the incorporators in 1906; the second four until said meeting in 1907; the third four until said meeting in 1908; and that their successors should be elected for a term of three years from the date of their election. There is no provision in the charter that the trustees shall hold office until their successors are elected and qualified, and no one has been elected to succeed any of the trustees originally named in the charter. Private Laws 1905, ch. 185; Private Laws 1907, ch. 104. As said in the judgment, the only questions for decision are whether the trustees first appointed continued in office by virtue of their original appointment and whether they could authorize the execution of the deed of trust and make a conveyance to the plaintiffs.

With respect to tenure of office the general rule is that the failure of a corporate body to elect officers or directors does not end the terms of those previously elected. *S. v. Guertin,* 130 A. S. R., 610; *Trustees of Vernon Soc. v. Hills,* 16 A. D., 429; *Treasurer of State v. Mann,* 80 A. D., 688; *Quitman Oil Co. v. Peacock,* 81 S. E. (Ga.), 908. In the present case the trustees continued without objection to perform the duties imposed upon them, and apparently there was no desire on the part of the corporation to displace them by the election of others. No

one except the corporation could be heard to complain, and the corporation not only did not complain, but seemed to sanction their continuance in office.

The charter authorized the trustees to hold real and personal property for the corporation; the trustees authorized the execution of the deed of trust and the conveyance to the plaintiffs of the land in controversy. When these three tracts were purchased they were conveyed, not to the corporation *eo nomine,* but to the trustees. All the living trustees, holding the legal title, conveyed the land to the plaintiffs. The corporation duly executed to B. E. Ivie, trustee, the deed of trust under which the property was sold by the trustees and purchased by the plaintiffs. As was said in *Burns v. McGregor,* 90 N. C., 222, it would contravene the plainest principles of justice to allow the corporation to get the benefit of the money secured by the deed of trust and then repudiate its act on the ground of its invalidity. But the corporation does not repudiate its conveyance. Nor do the trustees of Leaksville-Spray Institute undertake to repudiate theirs. The conveyances executed by these parties respectively conveyed to the plaintiffs the legal title and the beneficial or equitable interest in the property in suit. Neither the corporation nor the trustees can now claim any interest in it.

The plaintiffs, therefore, can convey an indefeasible title and the defendant is bound by its contract to accept the deed tendered it by the plaintiffs, and to pay the price agreed for the purchase. Judgment

Affirmed.