JESSE D. WALKER, Adm'r of John Brooks, v. J. L. BROOKS *et al.*

*Contract—Married　Women—Advancement—Fraud.*

1. Coverture disables a woman to enter into a binding contract, but it does not constitute a protection for her fraud, and if she repudiates her promises she must surrender what she has acquired by reason of them.

2. Where it appeared that the father had delivered to his daughter—a married woman—property of the value of one thousand and seventy dollars, and took her bond payable on demand for six hundred and seventy dollars, but made no charge against her upon his books of advancements. *Held,* (1) that the difference between the value of the property and the bond was not intended as an advancement, but a gift ; (2) that although the payment of the bond could not be enforced, the obligor was not entitled to participate in the distribution of her father's estate until she paid it or submitted to have it charged against her.

This is a SPECIAL PROCEEDING, heard by *Shepherd, J.,* at Fall Term, 1887, of PERSON Superior Court, upon exceptions and appeal from the Clerk

This action, begun before the Clerk of the Superior Court of Person, against the distributees of the intestate and the husbands of such as have married, is prosecuted for the purpose of settling the estate in the hands of the plaintiff as his administrator.

It does not appear that service of summons was made upon any, though the defendants W. W. Hill and wife Ida T., come in after an order of publication as to them, they being non-residents, and make answer to the complaint. It is unnecessary to pursue the cause in its singular and irregular course in which all the defendants have borne a share in view of and for the protection of their several interests in the result, and thus make themselves parties to the action.

The only controversy finally evolved and the ruling upon which is brought up for review in the appeal of said W. W.

Hill and wife, is between them and the administrator, and arises out of the following facts:

On February 25th, 1885, the said Ida received from the intestate, her father, a railroad bond of the value of $1,070, and at the same time gave him her bond, as follows:

" $670.   On demand and payable with six per cent. interest from date, I bind myself, assignees, &c., to pay John Brooks, six hundred and seventy dollars, for full value received of him.   I hereby waive the benefit of my homestead exemptions as regards this debt.

I hereby set my hand this 25th of February, 1885.

IDA D. HILL.   [Seal.]

The Clerk charges the said Ida with advances to the amount of $45, according to her own inventory filed, and with nothing in distributing the estate of the intestate, and from his refusal to charge her with the bond, the plaintiff appealed to the Judge of the Superior Court, who upon the hearing rendered the following judgment:

" This cause coming on to be heard, and all the exceptions except one, having been abandoned or passed upon by Judge Clark at a previous term, and counsel stating that the only difference between them was in reference to the amount which should be charged against Ida D. Hill as an advancement, and the Court having considered the testimony, exhibits and agreement of counsel, which latter is filed in the papers herein, the Court is of the opinion, and so finds and adjudges, that the coupon bond to the extent of six hundred and seventy dollars was intended as an advancement to the said Ida, and that she should be charged therewith in the settlement of the estate, her bond being returned to her by the administrator.   Plaintiff's exception is therefore sustained.   It is further adjudged that this cause be remanded to the Clerk to the end that his report be reformed according to this order."

WALKER v. BROOKS.

The defendant Ida excepted thereto and appealed.

*Mr. John W. Graham*, for the plaintiff.
*Mr. R. C. Strudwick*, for the defendant.

SMITH, C. J. (after stating the case). The intestate left no charges on his books for advancements to the said Ida as he did against others of his children, and she voluntarily renders an account for articles of the value of $45 furnished her, and submits to be charged therefor, and it is quite manifest that in the contemporary delivery to her of the railroad security and her execution of her bond to him for $670, the intent was to give to her as an advancement, or to pay her for kind services to him, and not to be accounted for—the sum of $400, the difference in their amounts—and this only as a severance in the indebtedness upon the railroad security. The absence of any charge upon the intestate's books for this sum, and the execution of the bond for $670, a debt intended to be created and put in the form of an obligation, repel the idea of an intended advancement, and show that the purpose was to make a present contract capable, were she not a *feme covert*, of immediate enforcement.

Now, while in law it is not binding, it is an essential condition entering into and connected with the transfer of the railroad security, so that she cannot retain its full amount and repudiate her own part of the transaction in its entirety. In substance, the transfer is of the $400 excess, and such the parties evidently regarded it. It is not a question of her ability to bind herself by a contract, but whether she can be allowed to retain so much as enures to her own benefit and disavow her own part of the agreement, which was the consideration and condition on which that benefit was accepted.

Coverture disables a woman to enter into a binding contract, but it affords no protection or shelter for fraud, and

she must perform what she promised, or return what she gets by reason of it. This is well recognized as a controlling principle. *Boyd* v. *Turpin*, 94 N. C., 137; *Burns* v. *McGregor*, 90 N. C., 222; *Towles* v. *Fisher*, 77 N. C. 437; *Hodge* v. *Powell*, 96 N. C., 64.

The distributee Ida cannot, therefore, keep the railroad bond and refuse to recognize her responsibility for the amount mentioned in her own bond. As, however, this suit contemplates merely a distribution of assets in the hands of the administrator, she can take none until her own debt is paid, and it goes to increase the sum to be distributed. If she refuses to do this and if charged with it, would, as we understand, be entitled to no part of the augmented fund, she must, if persisting in her purpose, be debarred from participating in the distribution of the personal estate. The Judge, though calling this an advancement, charges her with it; and the same results follow, whether it be called an *advancement* or a *debt*, and the misnomer is an immaterial matter. We approve the ruling and affirm the judgment. This will be certified to the Court below.

Affirmed.