JULIAN M. HART v. GODFREY HART.

*Fraud—Evidence—Married Woman.*

In an action brought by a wife to recover from her husband certain moneys alleged to belong to her arising from the sale of lands which the husband had conveyed to her, the answer charged that the conveyance to the wife was made whilst the husband was in embarrassed circumstances, and was made to defeat and hinder his creditors, and that the wife had full knowledge of the purpose and participated therein : *Held*, (1) that it was error to reject evidence of these facts; (2) that the husband was a competent witness to prove them; (3) that if they were established the wife was not entitled to recover; (4) that a married woman has capacity to perpetrate a fraud, and even as against her husband the Courts will not interfere to protect or enforce any . interest or claim arising out of the fraudulent transaction.

CIVIL ACTION, tried at January Term, 1891, of NEW HAN-
OVER Superior Court, *Graves, J.*, presiding.

The plaintiff alleges in her complaint, that the defendant,
her husband, on the 23d day of October, 1873, conveyed to
her in consideration of love and affection and five dollars,
the real and personal property specified in the deed; that
thereafter, on the 2d day of January, 1875, her said husband
induced her to unite with him in conveying said land to
one Lomax for the sum of $1,000, all of which was paid to
the defendant and she received no part thereof; that the
defendant received for the land $1,375, which was and is the
property of plaintiff; that before bringing this action she
demanded of the defendant that he pay the said sum and
interest, etc.   She demands judgment for the same, etc.

The defendant denies that any title to the said land ever
passed to the plaintiff by virtue of said deed; on the con-
trary, the defendant alleges that any deed which he may
have made to plaintiff was with the understanding that it
should not be registered unless defendant should so direct, and
that it never has been registered, as defendant is informed and
believes, and that the same had not been registered as late as
the month of April, 1888; and the defendant further alleges
that any deed which he may have made to plaintiff was a
deed of gift, without any valuable consideration whatever,
and that it was his purpose, well known to the plaintiff, to
register said deed only in the event that judgments by credi-
tors should be recovered or threatened.

That the conveyance of the defendant to the plaintiff was
for the purpose of hindering and delaying creditors, as was
well known to the plaintiff, and was with the distinct under-
standing that plaintiff would convey to the defendant, or
any other person, as the defendant might direct, and, so the
defendant alleges that the plaintiff was in equal wrong with
the defendant.

109 — 24

That at the time of the conveyance by the defendant to the plaintiff, in October, 1873, the defendant was largely indebted to various persons, besides the debt above mentioned, and was insolvent, and all this was explained to the plaintiff and well understood by her, and the deed to her was made for the purpose of securing compromises and settlement of his debts, as the plaintiff was fully advised, and with the understanding between the plaintiff and the defendant that she would at any and all times convey the land according as the defendant should direct."

The defendant was introduced as a witness in his own behalf, and testified: "Was married to plaintiff in 1873. I made deed to her when in financial difficulty."

The defendant proposed to show that no money was paid by plaintiff to defendant as a consideration for the deed, and that he was in financial trouble when he made it, and that it was made to defraud creditors. Plaintiff objected; objection sustained; defendant excepted.

The defendant proposed to show a parol agreement, made at the time of the deed between himself and plaintiff, that he was to have the proceeds of the land. Plaintiff objected; objection sustained; defendant excepted.

The defendant proposed to show by this witness that, subsequently to the making of the deed to plaintiff, plaintiff agreed that the proceeds of the land should be his. The plaintiff objected; objection sustained; defendant excepted.

The defendant proposed to show that at the time of the sale to Lomax that the plaintiff agreed for him to take the proceeds for his own use and benefit. The plaintiff objected; objection sustained, and defendant excepted.

Witness testified that plaintiff never said one word about the money after the sale to Lomax. "I paid out $50 to lawyer French to foreclose mortgage given me by Lomax, and paid taxes and insurance and other expenses for keeping up property amounting to $100." Witness further testi-

fied that at the time of making deed to plaintiff there was a mortgage on said property to one W. G. Curtis, and that after date of deed to wife, he paid off balance due on said mortgage, amounting to about $600.

On cross-examination, plaintiff asked defendant what he was worth to-day? Defendant objected; objection overruled, and defendant excepted. Answer, I am worth $5,000.

His Honor charged the jury that the effect of the deed from defendant to plaintiff was to convey to her the property, real and personal, therein described. On the sale of the property the proceeds were due to the plaintiff, and she will be entitled to recover it, unless she gave the same to the defendant.

There was judgment for plaintiff, and defendant appealed.

Defendant assigns error—

1. The admission of the evidence to which objection was made by defendant.

2. The refusal to admit the evidence offered by defendant.

3. The ruling of Court that the deed from defendant to plaintiff passed the title to the property therein described.

*Mr. T. W. Strange*, for plaintiff.
*Mr. S. C. Weill*, for defendant.

MERRIMON, C. J.: Passing by any question as to the sufficiency of the deed from the defendant husband to the plaintiff, his wife, as an unregistered deed, we think the defendant is entitled to a new trial upon another and different ground.

The defendant alleges in his answer that at the time he executed the deed in question, he was largely indebted to divers persons; that he was then insolvent and financially embarrassed, and that this deed was executed in fraud of and to defraud his creditors; that it was executed for that express purpose, and the plaintiff so well understood; that

she was so "fully advised and with the understanding (between the plaintiff and defendant) that she would, at any and all times, convey the land according as the defendant should direct," and that it was understood by the parties that the deed was to be registered "only in the event that judgments by creditors should be recovered or threatened."

It appeared on the trial that the deed was not offered for registration until August, 1889, long after the execution of a deed to Lomax, in which the plaintiff joined in order to conclude her as to her right of dower.  The defendant was a witness in his own behalf, and offered to testify that he was pecuniarily embarrassed, and that the deed was made for the fraudulent purpose as alleged by him; but the plaintiff objecting, the proposed evidence was rejected.  In this there is error.  The evidence should have been received.

The plaintiff's right is founded upon this deed.  If it is fraudulent, as alleged, and therefore void, she is not entitled to the money she seeks to recover.  Her claim springs out of and is founded in a fraudulent transaction, and the defendant, a party to it, having the money, the fruit of it, the Court will not help her to recover it from him.  That the plaintiff is a married woman and the wife of the defendant cannot help her or alter the case.  A married woman can acquire, hold and dispose of property in a large sense as a *feme sole.*  She has capacity to perpetrate and participate in a fraud—the fraudulent purposes and transactions of her husband.  She has no right, or privilege, or disability that excuses her as to such fraudulent transactions in which she participates, nor that protects her against their consequences, not even as against her husband, when she must invoke the aid of the Courts to assert her claim.  She has privileges and immunities in some respects, but not such as will help her to share in a fraud with impunity when she must go into a court of justice to enforce her claims growing out of it.  The law abhors fraud and will not help any person to

take advantage of and have benefit of it. It would be singu-
lar and monstrous—a great reproach to the courts of jus-
tice—if a husband and his wife could perpetrate a fraud
upon his creditors and the Courts would afterwards help her
to assert a claim against her husband growing out of that
fraud! In such case the wife must be on the same footing
as a *feme sole*, and treated as such. *Burns* v. *McGregor*, 90
N. C., 222; *Walker* v. *Brooks*, 99 N. C., 207; *Loftin* v. *Cross-
land*, 94 N. C., 76; *Boyd* v. *Turpin*, Id., 137.

The evidence rejected was relevant and pertinent—it tended
directly to prove the fraud as alleged. If it be said that it
did not go to prove that the plaintiff had knowledge of and
participated in the same, the answer is, it was relevant and
competent and ought to have been received. It may be that
the defendant would have testified that the plaintiff had
such knowledge, or it might be that he would have proven
such knowledge by some other witness, or in some other
way. But why should he do so after the Court had excluded
the proposed evidence of fraud? Besides, there was some
evidence of the plaintiff's knowledge of it. The deed was
executed in 1873. She did not offer it for registration until
1889, more than fifteen years having elapsed, and in the
meantime, in 1875, she joined her husband in executing a
deed conveying the land, in which it was recited that she did
so in order to relinquish her right of dower. This recital,
perpaps, did not conclude her as to any other right she might
have, but it was some evidence that she did not, at that
time, regard the deed in question as having been made as a
*bona fide* conveyance of the land to her.

There is error. The defendant is entitled to a new trial,
and we so adjudge.

Error.

Shepherd, J., dissents.