## HAYNES v. HOBBS.

1. TROVER—PARTIES—INTEREST.

Evidence of an agreement between a father and son whereby the son was to help about the father's business, and to have an interest therein after all the debts against it should be paid, does not show such a present interest in the son as to defeat an action by the father's administrator for the conversion of the property by a third person prior to the payment of the debts.

2. CHATTEL MORTGAGES—BILL OF SALE—CONSTRUCTION.

Where a bill of sale recited that it was given to secure certain debts owing to the grantee and to third persons, which the grantee was to assume, and provided that after the payment of such debts by the sale of all or a part of the property, or out of the proceeds of the business in which it was used, the title to the remainder should revert to the grantor, the instrument was a chattel mortgage.

3. SAME—CONVEYANCE IN TRUST—TROVER.

But, whether construed as a mortgage or as a conveyance in trust, it authorized the sale of only so much property as should be sufficient to pay the debts, and for a sale in excess of such amount trover would lie.

4. Same—Assignment by Mortgagee—Parol Evidence.

Defendant in trover, claiming under a written assignment by a mortgagee of all of his interest in the property, cannot show by parol that he bought the property outright and in good faith.

5. Sale—Price Received—Evidence.

Evidence that defendant received $850 on the sale of certain property, he agreeing to return $150 when the buyer should sign his liquor bond, that being the amount which he generally paid for such service, conclusively shows that he received $850 for the property.

Error to Kalkaska; Chittenden, J.   Submitted November 5, 1903.   (Docket No. 100.)   Decided March 23, 1904.

Trover by Mary M. Haynes, administratrix of the estate of James S. Haynes, deceased, against Miller Hobbs. From a judgment for plaintiff on verdict directed by the court, defendant brings error.   Affirmed.

*William D. Totten* and *J. L. Boyd*, for appellant.

*Ernest C. Smith*, for appellee.

Montgomery, J. · This is trover, brought against the assignee of an instrument claimed to be a mortgage. The plaintiff recovered the value of the excess of the property over and above the amount secured, and defendant brings error.

Plaintiff's intestate, James S. Haynes, being indebted to divers parties, in June, 1900, gave a bill of sale of his horses, wagons, and livery stock to two of such creditors, Howard Price & Co. and George F. Bow. The bill of sale was in the ordinary form, but contained in addition the following statement and defeasance:

"This bill of sale is given to secure the said second parties for the sum of $253, owed by first party to Howard Price & Co. And the sum of $289.46, indebtedness of said first party assumed by said second parties, being $258.81 owed on two notes to Loeser Brothers, also $100 owed to Kinney, $30.65 account owed to A. B. Cornell,

which last indebtedness is to be assumed and paid by said second parties, each to pay one-half. Said George F. Bow to take immediate possession of said property, and retain possession of same until said indebtedness shall all be paid: *Provided*, that when said indebtedness shall be paid by the sale of all or a portion of said property, or out of the net proceeds of said livery business, then all remaining property is to be returned to said James S. Haynes, and title thereto revert to him, said Haynes."

Bow took possession, paid about $100 of the debts which were assumed, and after a few days assigned his title and interest in the contract to John Moran. On the 26th of October, Moran and Howard Price & Co., by an assignment in writing, transferred their right, title, and interest in and to the property covered by the mortgage to Miller Hobbs, the defendant. The defendant took possession, and from the use of and sale of the property covered by the mortgage received a sum in excess of the amount secured and expenses incurred, amounting to $222.05, for which sum a verdict was directed. This last statement is open to a qualification; *i. e.*, if the defendant's claim that there was only realized $700 on the final sale be allowable, then the figures fixed by the court were $150 too high.

Several grounds of error are urged, and we will consider them in the order adopted by counsel.

1. It is asserted that the testimony showed the title to this property to have been at the date of the decease of James S. Haynes in part in John Haynes. We do not construe the testimony as showing that there was a present interest in John Haynes, and therefore hold that the circuit judge was not in error in refusing to direct a verdict on this ground.[1]

2. It is next urged that the instrument in question was not a chattel mortgage. We think it has all the attributes of a mortgage. It was a conveyance by way of security, and

---

[1] John Haynes testified that he had a "working interest" in the business; that, by an agreement between him and his father, the deceased, he was to help about the business, and, after all the debts should be paid, was to have a half interest therein.

contained a defeasance operative when sufficient should be realized to pay the indebtedness secured. It would not be very material, however, by what name this instrument was called, for it is very clear that, when sufficient property had been sold to satisfy the indebtedness, the remainder was to revert; and it follows that the sales should have been limited to that necessity, and that for a sale of more than sufficient trover would lie. *Brink* v. *Freoff*, 40 Mich. 610. See, also, *Card* v. *Fowler*, 120 Mich. 646 (79 N. W. 925).

3. It is also claimed that error was committed in refusing to permit the defendant to show that he bought the property outright, and in good faith. But to have permitted such testimony would have been to permit the witness to place a grossly erroneous construction upon a written instrument, which was admittedly prepared to express the purpose of the parties, which was plain and unambiguous in its terms, and was nothing more than an assignment of the interest of Moran and Howard Price & Co. to defendant.

4. It is claimed that the court erred in charging that defendant received on the final sale $850. The testimony of defendant was as follows:

"Tyler was going into the livery business, and defendant was running behind, and didn't want to run it at all. I wanted to get rid of it. Finally he came in, and witness told him that he would take $850. That Tyler said he had some notes here; if I would take them, he would buy it. Witness said to Tyler, 'If you would give me $850 for the livery stable, I will give you $150 for signing my bond.' He said he thought the livery barn was a little high. I said that, 'If you buy the barn, and sign my bond, I will give you $150 for doing that;' and that is how I happened to get $850 for the barn. I figured that I was getting $150, as I generally have to pay a man $150 for signing a bond here."

On cross-examination defendant further testified that some years he had to pay $150 for the liquor bond and some years not; that Tyler gave him his note for $150; that

the agreement was that he was to give Tyler back the note in the spring, when he signed his bond; that he received the $700 note and the $150 note for the barn.

We think it is idle to say that he received but $700 for the property, and the court correctly stated the amount.

The motion for a new trial was properly overruled.

The other questions discussed have been considered, but are shown by the conclusions reached on the main questions discussed to be without merit.

The judgment is affirmed.

MOORE, C. J., CARPENTER and HOOKER, JJ., concurred. GRANT, J., took no part in the decision.