(79 South. 219)

No. 21290.

VERNEUILLE v. STANN.

(June 29, 1918.)

*(Syllabus by the Court.)*

1. HUSBAND AND WIFE ☞55, 90—MARRIED WOMAN'S PROPERTY—CONTRACTS—STATUTE.

Whilst it has not been the policy of the law of this state to permit married women to impoverish themselves, either through conjugal influence or inexperience, neither has it been such policy to permit them to enrich themselves at the expense of others, and if, prior to the time at which Act No. 94 of 1916 became a law, there was no express enactment authorizing or requiring them to return, in kind or value, money or property acquired under contracts which were void by reason of their incapacity to enter into them, such cases are proper ones for the application of so much of the Civil Code, art. 21, as declares that, "where there is no express law, the judge is bound to proceed and decide according to equity."

2. HUSBAND AND WIFE ☞62—SALE OF PROPERTY—JUDGMENT—CONCLUSIVENESS.

Where, without the authorization of her husband, who had deserted her and disappeared, or of the judge, a married woman, with young children, receives a loan of money, in the form of payments for a lot and for the erection thereon of a dwelling, the title to which property is placed in her name, in the hope that she may be able to pay for it from her earnings, and she occupies the same, without charge even for taxes, for many years, until, abandoning the idea of reimbursing the money so advanced, she approves of a suit upon the notes given by her for the same, in which (her husband being still absent and unaccounted for) she is authorized by the judge to appear, the judgment rendered in such suit will furnish full authority for the sale, under execution, of the property so acquired, and will be conclusive against her, her heirs, and the previous owners of the property, as to the validity of the title of the purchaser.

Appeal from Civil District Court, Parish of Orleans; E. K. Skinner, Judge.

Suit on notes by Willis H. Verneuille against Mrs. Caroline Stann, wife of Philip Knight. Judgment for plaintiff by default, and certain real estate sold under writ of fieri facias to James E. Dunshie, and, from a judgment making absolute a rule to require him to accept title to the realty adjudicated to him at the public sale, Dunshie appeals. Affirmed.

Felix J. Dreyfous and Alfred D. Danziger, both of New Orleans (P. H. Stern, of New Orleans, of counsel), for appellant J. E. Dunshie. Legier & Gleason, of New Orleans, for appellee.

Statement of the Case.

MONROE, C. J. This matter is brought before the court by an appeal on behalf of James E. Dunshie from a judgment making absolute a rule requiring him to accept title to certain real estate, adjudicated to him at public sale, made by the sheriff in the execution of a writ of fieri facias issued under a judgment rendered in the above-entitled suit. The objections set up by defendant are:

That the property was purchased by the defendant (Mrs. Knight) without the author-

ization of her husband; that the notes upon which the judgment against her was obtained appear to have been signed by her without such authorization; that one of the notes was not due when the suit was instituted; that her husband was not cited; that, though the court authorized her to stand in judgment, the averments of the petition and the evidence adduced were insufficient to support such authorization; that a judgment rendered against a married woman, on void obligations, is void, and a sale made thereunder equally so.

It appears from the evidence that Mrs. Knight was married, in this city, in 1891, and thereafter gave birth to two children, issue of her marriage; that, in 1893, her husband disappeared and has not since been seen or heard of by his wife or those by whom he was here known; that he left his family in extreme poverty; that the plaintiff herein advanced $1,100, which were used in the purchase, in her name, of the lot about which this controversy has arisen; that he subsequently paid out the further sum of $4,808.02 for the erection thereon of a double tenement dwelling house and the repairing of the same; and that, for the amounts so advanced, Mrs. Knight, without being authorized by husband or court, gave the two notes upon which the judgment hereinabove mentioned was obtained—the original idea having been that she would thus be afforded an opportunity of providing shelter for herself and children and of reimbursing the money so advanced from her earnings. It further appears that since the house was built (more than 20 years ago) Mrs. Knight and her children have occupied one of the tenements; that the rental of the other has been devoted to the payment of interest on the money so advanced by plaintiff; that plaintiff has paid the taxes on the entire property; and that, in 1912, Mrs. Knight having abandoned the hope of being able to pay the notes which she

had given, the judgment in question was obtained upon them without objection from her and by default, after personal citation, however, and after she had been authorized by the court to stand in judgment upon allegation and proof of the disappearance and long-continued absence of her husband.

### Opinion.

[1] It is true that, as a general rule, a married woman was incapable, under the law as it stood at the dates of the transactions out of which this litigation has arisen, of binding herself by contract, without the authorization of her husband, or, in case of his incapacity, absence or refusal to act, of the judge; but, if she actually borrowed money, or bought property, without such authorization, there was nothing in the law to prevent her from returning either the money or the property, provided she could do so without impairing her own estate. Proceedings to annul the acts of the wife for want of authority could, and can, be instituted only by the husband, or the wife, or by their heirs. C. C. art. 134. But, while it is not the policy of the law to permit married women to impoverish themselves, either through conjugal influence or inexperience, neither is it the policy of the law to permit them to enrich themselves at the expense of others, and if, prior to the time at which Act 94 of 1916 became a law, there was no express enactment authorizing, or requiring, them to return money or property acquired under contracts, void by reason of their incapacity to enter into them, such cases are proper ones for the application of so much of the Civil Code, art. 21, as declares that, "where there is no express law, the judge is bound to proceed and decide according to equity."

[2] Considering the question at issue from that point of view, if Mrs. Knight had purchased the property from plaintiff (with the improvements, subsequently placed there,

then on it) entirely on credit, and without being authorized by her husband or the judge, and had, thereafter, with the authorization of the judge, retroceded it to plaintiff for the unpaid price, we apprehend that neither husband nor heirs would have had any standing to attack such purchase or the retrocession, for it could not be said, in such case, that her purchase vested the title either in her or in the community, since she could bind neither for the price, and the authorization of the judge would have been sufficient to have enabled the parties to have cleared the title, by means of the retrocession, of the cloud placed upon it, and thereby have placed themselves in the positions occupied by them before the purchase. As the matter stands, the situation is not materially different. Instead of selling the property to Mrs. Knight, with the improvements on it, plaintiff advanced the money with which it was bought (in her name, from some one else, and the improvements added), and took her notes for the amounts advanced, and, after she had occupied one of the tenements, rent and tax free, for nearly 20 years, obtained a judgment in a suit, in which she was authorized by the court to appear and in which she interposed no opposition, in satisfaction whereof the property was sold to the appellant now before the court; the whole proceeding being merely an indirect method, whereby, without placing herself in any worse position than she was when the money was advanced she will be enabled to return it to the extent of the proceeds of the sale. Whether the allegations and proof of the absence of Mrs. Knight's husband were sufficient to justify the trial judge in authorizing her to defend the suit was a matter for him to determine, and which, we think, he determined correctly; and, it having been so determined, and she having been so authorized, we are further of opinion that the judgment rendered in that suit furnished authority for the sale here in question which is conclusive as against Mrs. Knight, her husband and heirs, and all previous owners of the property sold. Counsel appear to be in error in alleging that one of the notes sued on was not due when the suit was filed (by reason of a supposed extension of time); but, even if they are not, that question cannot be raised now, since the judgment has long since become final and the delay for appeal has expired.

Judgment affirmed.

PROVOSTY and O'NEILL, JJ., concur in the decree.