GREENING v. WALLACE.

1. HUSBAND AND WIFE—DISABILITY—CONSIDERATION.
   Married woman may not plead disability in annulment of obliga-·
   tion, and at same time retain consideration received therefor.

2. SAME—BILLS AND NOTES—RENEWAL NOTE VALID ALTHOUGH ORIG-
   INAL DEFECTIVE.
   Wife, who with husband, signed renewal note given for money
   borrowed to purchase real estate held by them by entireties
   after repeal of clause of Act No. 158, Pub. Acts 1917, requir-
   ing "no undue influence" clause in such notes, may not
   repudiate her obligation thereunder on ground that original
   note signed when said clause was in effect, was defective in
   that it did not contain said clause.

Appeal from Wayne; Brown (William B.), J.,
presiding. Submitted January 12, 1932. (Docket
No. 116, Calendar No. 36,225.) Decided March 2,
1932.

Assumpsit by Joseph Greening against John F.
and Leta M. Wallace on a promissory note. Judg-
ment for plaintiff against defendant John F. Wal-
lace only. Plaintiff appeals. Reversed, and judg-
ment ordered entered against both defendants.

*Lorne W. Weber,* for plaintiff.

*Tilden M. Gallagher,* for defendant Leta M. Wal-
lace.

POTTER, J. Plaintiff sued defendants in assumpsit
counting on a promissory note, purporting to be for
value received, of $1,200, given by defendants to
plaintiff, September 6, 1930, due three months after

date, with interest at 7 per cent. per annum. Defendants are husband and wife. The note sued upon was given as a renewal of prior notes executed by defendants to plaintiff at a time when Act No. 158, Pub. Acts 1917, was in force. This act provided for an enlargement of the rights of married women, that they might give promissory notes together with their husbands, provided the notes contained a statement that no undue influence or constraint had been asserted against the wife in the execution thereof. It is conceded the money loaned by plaintiff to defendants was used to purchase real estate held by them as tenants by the entireties. The husband's liability on the note is conceded. The sole question is the liability of the wife. Act No. 158, Pub. Acts 1917, had been amended prior to the execution of the note sued upon (3 Comp. Laws 1929, § 13062 *et seq.*). It is not claimed there was any fraud in the original notes given by defendants to plaintiff.

It is not the policy of the law to permit married women to impoverish themselves. Neither is it the policy of the law to permit them to enrich themselves at the expense of others. *Verneuille* v. *Stann,* 143 La. 681 (79 South. 219). A married woman will not be tolerated to plead her disability in annulment of her obligations, and, at the same time, retain the legal title to the estate. *Nicholson* v. *Heiderhoff,* 50 Miss. 56. So long as she retains the consideration, she cannot repudiate the agreement for which the consideration was furnished. *Jones* v. *Fleming,* 104 N. Y. 418 (10 N. E. 693). Coverture disables a woman to enter into a binding contract, but it affords no protection or shelter for fraud. She must perform what she promises or return what she gets by reason of it. *Walker* v. *Brooks,* 99 N. C. 207 (6 S. E. 63). The wife may, under an engagement not

legally binding upon her, refuse to pay her debt, but if she does so, she cannot keep the property for which the debt was contracted. It would contravene the plainest principles of justice to allow a married woman to get possession of property under an engagement not binding upon her and let her repudiate the contract and keep the property. *Burns* v. *McGregor,* 90 N. C. 222. The law will not tolerate repudiation of the promise without a return of what has been obtained on the strength of it. *Dunlevy's Estate,* 10 Pa. Co. 454.

When the wife was asked for a renewal of the note in question she could execute such note or decline to execute it. If she refused to recognize her liability and stood on the failure of the original note to comply with the statute above referred to and insisted she had the right to keep the money for which the original notes were given, she could test that question, or she could recognize her liability for the money which she and her husband had procured from the plaintiff, and adopt, ratify, and confirm the prior notes and estop herself from raising the question of failure in form of the notes renewed.

Here there is no failure of consideration. It is admitted the consideration was ample and adequate, and defendant had full power and authority to enter into a valid contract therefor. If we trace back the consideration for the renewal note sued upon to its original source, we find the consideration sufficient. This is not a case of want of capacity to execute the original note, but a case where the original instrument was defective in form only. The defendant executed a renewal note in proper form when she was under no disability. If her husband had given a note for borrowed money to be used in payment of his note on real estate held with his wife as ten-

ants by the entirety which was materially defective in form, and this note was not paid when due but renewed in proper form and suit was brought on the renewal note, could he defend on the ground that some prior note was defective in form and at the same time keep the consideration which he received for the original note? We think not. As the record comes to us, we think plaintiff entitled to judgment against both defendants. Judgment will be reversed, with costs to plaintiff, and the case remanded with directions to enter judgment for plaintiff for the amount due on the note sued upon.

CLARK, C. J., and McDONALD, SHARPE, NORTH, FEAD, and BUTZEL, JJ., concurred. WIEST, J., concurred in the result.