## McDOUGALL v. HENDERSON.

1. HUSBAND AND WIFE—COMMON-LAW DISABILITY OF WIFE—JOINT TENANTS—STATUTES.

   By Act No. 158, Pub. Acts 1917 (3 Comp. Laws 1929, §§ 13062–13067), common-law disability of married woman to make and enter into written instrument with her husband as joint tenants of real estate was removed.

2. SAME—LIABILITY OF WIFE AS SURVIVOR FOR JOINT OBLIGATION.

   Where wife is survivor of husband, judgment against her arising out of joint obligation entered into by them as joint tenants of real estate may be satisfied only out of property to which she became entitled as survivor of herself and husband (3 Comp. Laws 1929, § 13064).

Appeal from Lapeer; Smith (Henry H.), J. Submitted June 17, 1932. (Docket No. 27, Calendar No. 36,379.) Decided September 16, 1932.

Assumpsit by Randolph McDougall and another against Hannah A. Henderson and others for instalments due under a land contract. Judgment for plaintiff. Defendant Henderson appeals. Remanded.

*Geo. W. Des Jardins,* for plaintiffs.

*Kelley, Sessions, Warner & Eger,* for defendant Henderson.

BUTZEL, J. Randolph McDougall and Alice McDougall, his wife, as vendors, entered into a written executory contract for the sale of real estate to William W. Henderson and Hannah A. Henderson, his wife, and Robert J. Merrill and Teresa Merrill, his wife, as vendees. Payments were duly made and

possession of the premises delivered to vendees. Mr. Henderson subsequently died, and Mrs. Henderson, as survivor of herself and her husband as joint tenants, continued in possession of the premises with the Merrills. She made a number of payments on the contract, but later both she and the Merrills defaulted. Thereupon vendors, as plaintiffs, brought suit to recover the payments that were then due and unpaid, and judgment was rendered against Mrs. Henderson and Robert J. Merrill for $1,783.39, the amount due. Mrs. Henderson is sole appellant. The question presented is whether judgment containing no restriction may be rendered against her to be satisfied out of her separate estate irrespective of whether she acquired the property levied or to be levied upon by right of survivorship or not.

It is claimed that the contract was a voidable one, and that, by making payments on the contract and remaining in possession, and writing a letter inclosing a payment on the contract, all subsequent to her husband's death, she affirmed the contract as her own and became liable for the indebtedness. By Act No. 158, Pub. Acts 1917 (3 Comp. Laws 1929, §§ 13062–13067), the common-law disability of a married woman to make and enter into a written instrument with her husband as joint tenants of real estate was removed. Under section 13064, *supra,* an estate owned by them as tenants by entirety, or the real estate acquired by either as survivor of the other, shall be liable to seizure and sale on execution in satisfaction of any judgment recovered against them or their survivor upon a written instrument entered into by them jointly. In case the wife is the survivor of the husband, a judgment against her arising out of the joint obligation may be satisfied only out of the property that she became entitled to

as survivor of herself and husband. Section 13065 further provides that an appropriate recital shall be made in the judgment showing it is rendered on such joint obligation, and such recital shall be indorsed upon any writ of execution or other process on account of said judgment, etc.

The case is remanded to the trial court with instructions to make proper recital in the entry of the judgment so as to show that it was rendered on an obligation entered into by husband and wife, and that it only may be enforced against property which appellant acquired by right of survivorship of herself and husband. Appellant will recover costs.

Clark, C. J., and McDonald, Potter, Sharpe, North, Fead, and Wiest, JJ., concurred.