MALONE v. KUGEL.

1. EVIDENCE—PAROL EVIDENCE—VARYING WRITTEN INSTRUMENT.
It may be shown by parol evidence, without violating the rule against varying written instruments by oral testimony, that a promissory note, unconditional in terms, was conditionally delivered and was not to become a binding obligation until the happening of a certain event.

2. Bills and Notes—Conditional Delivery—Parol Evidence.

Finding of court in action to set aside promissory note, given in payment for vendor's interest in conditional sales contract for sale of laundry business, that note was not delivered as a present binding promise but was to become valid and binding only upon an event which did not and now could not happen *held*, proper.

3. Guaranty—Notice of Default—Release.

Guarantor of payments on conditional sales contract is liable notwithstanding one to whom payments were guaranteed forbore to press principals for a time where such action together with subsequent suit to forfeit the contract and regain possession were done with full knowledge and consent of guarantor and her attorney.

4. Damages—Guaranty—Conditional Sales Contract.

Finding that purchaser of vendor's interest in conditional sales contract for sale of laundry business had suffered damages to extent of $2,500 for which guarantor of payments by vendees was liable *held*, sustained by record showing vendees had paid $500, liberal value of business was $1,000 on date forfeiture proceedings were commenced and limit of guaranty was $4,000.

Appeal from Kent; Perkins (Willis B.), J. Submitted April 27, 1937. (Docket No. 108, Calendar No. 39,478.) Decided October 4, 1937.

Action by Thomas Malone and wife against Katherine Kugel to recover sums due on an alleged contract. Separate action by Katherine Kugel against Thomas Malone and wife for sums due on a promissory note. Cases consolidated for trial and appeal. Judgments for Malones. Katherine Kugel appeals. Affirmed.

*Knappen, Uhl, Bryant & Snow,* for the Malones.

*Grant Sims* and *Laurence W. Smith,* for Katherine Kugel.

Sharpe, J. Prior to 1932, Carl Kugel and wife, Katherine Kugel, operated a dry cleaning and dye-

ing establishment in the city of Grand Rapids. After Mr. Kugel's death, Katherine Kugel, wishing to return to Germany, sold the business and property on May 25, 1932, to A. F. Jannausch and Kathleen B. Jannausch, husband and wife, for the sum of $10,000 on a conditional sales contract with a down payment of $3,500 represented by a note and mortgage given in favor of Katherine Kugel upon certain property owned by Mr. and Mrs Jannausch. The balance of the purchase price, namely $6,500, was to be paid in monthly instalments of $100 and interest upon the unpaid principal at six per cent. June 14, 1932, Katherine Kugel sold her interest in the above mentioned conditional sales contract to Thomas Malone and Stella Malone, husband and wife, for the sum of $5,500. The Malones paid the purchase price with four $1,000 bank certificates and their promissory note for $1,500 due in four years without interest.

The Jannausches paid the first five monthly instalments and the interest on the unpaid principal down to and including November, 1932, and thereafter only paid the interest on the unpaid principal down to August 1, 1934. On September 1, 1934, the Malones instituted an action either in assumpsit "to recover the balance due on the purchase price of all tools, machinery, automobiles, fixtures, supplies, office equipment and all chattels of every name and nature" sold to the Jannausches or an action in replevin to recover possession of said personal property. The action thus started remained pending until May 4, 1936, when it was dismissed pursuant to statute. On November 14, 1934, the Malones filed a bill against the said Jannausches in chancery praying for forfeiture of the conditional sales contract and on December 31, 1934, a decree was rendered in favor of the Malones by which the ownership and

possession of the articles mentioned in the conditional sales contract was vested in said Malones. Malones took possession January 2, 1935, and have continued to operate said business down to the trial of this cause.

On October 15, 1935, the Malones filed a suit by declaration against Mrs. Kugel in which it was charged that Mrs. Kugel promised that if the Jannausches did not make the payments as their contract provided, Mrs. Kugel would "cancel" the note, and pursuant to said agreement they did pay Mrs. Kugel $4,000 in cash and did execute and deliver the note for $1,500. This declaration was later amended and the claim made that the note was "conditionally" delivered to Mrs. Kugel. On August 14, 1936, Mrs. Kugel brought an action of assumpsit against the Malones on the $1,500 promissory note and by stipulation the cases were consolidated. It is the claim of Mrs. Kugel that she made no promises or agreements whatsoever and that she simply sold the conditional sales contract to the Malones at a discount of $1,000, while the Malones contend that the note was conditionally delivered and was not to be binding until the Jannausches paid $4,000 upon the sales contract and that if the Jannausches failed to meet the payments as provided in the sales contract then Mrs. Kugel was to return to Mr. and Mrs. Malone the $4,000 or such part of it as had not been paid and the business was to be returned to Mrs. Kugel.

The trial court held that the note had been conditionally delivered and dismissed Mrs. Kugel's suit; and also held in regard to the Malone suit that the failure of Mrs. Kugel to return to Malones the $4,000, as agreed upon, resulted in a loss to Malones; that $1,000 was a liberal value of the business upon November 14, 1934, and this amount plus the $500 paid to Malones by Jannausch should be deducted

from the $4,000 and judgment was entered in favor of Malones for $2,500. Mrs. Kugel made a motion for a new trial and upon its denial has appealed.

The first question presented for review by Mrs. Kugel is that parol evidence was not admissible to vary the terms of a written instrument, namely the promissory note, and she cites the following cases: *Frischkorn Real Estate Co.* v. *Hoskins,* 226 Mich. 30; *Haynes* v. *Hobbs,* 136 Mich. 117; *Cook* v. *First National Bank of Menominee,* 90 Mich. 214; *McLeod* v. *Hunt,* 128 Mich. 124; *Smith* v. *Kemp,* 92 Mich. 357.

The Malones contend that the entire contract between the parties had not been reduced to writing; that the note had been conditionally delivered; and that in such cases parol evidence is admissible to show the actual agreement between the parties.

In *Taylor* v. *Rugenstein,* 245 Mich. 152, we said, citing *Central Savings Bank* v. *O'Connor,* 132 Mich. 578 (102 Am. St. Rep. 433),

"It may be shown by parol evidence that a promissory note, unconditional in terms, was conditionally delivered and was not to become a binding obligation until the happening of a certain event."

See, also, *MacCrone* v. *Eckert,* 275 Mich. 683; *White Showers, Inc.,* v. *Fischer,* 278 Mich. 32, and cases cited therein.

We are in accord with the finding of the trial court that, "The note was not delivered as a present binding promise, but was to become valid and binding only upon an event which did not and now cannot happen." Under the circumstances involved in this case the trial court was not in error in admitting parol testimony to show a conditional delivery of the note.

It is next contended by Mrs. Kugel that the two suits, hereinbefore referred to, brought by the Ma-

lones against the Jannausches, discharged the Jannausches from all liability on their $6,500 purchase price obligation held by the Malones as security and thereby released Mrs. Kugel from any liability as a guarantor. Mrs. Kugel contends that this issue is settled in her favor and cites *Chicago Boulevard Land Co.* v. *Apartment Garages,* 245 Mich. 448:

"The purpose and effect of a valid declaration of forfeiture are to end the contract and discharge vendor of the duty to convey and vendee of the duty to pay. Consequently, after forfeiture, action at law will not lie for recovery of any part of the purchase price."

The trial court found that Mrs. Kugel made an agreement with the Malones, the effect of which was that if the Jannausches did not meet their payments as prescribed in the conditional sales contract, then Mrs. Kugel would either pay it or return to Grand Rapids, operate the business for the benefit of the Malones until the amount guaranteed was paid; and that when the Jannausches became delinquent in the payments due, Mrs. Kugel had timely notice of this default. The trial court also found that the parties contemplated that the Malones, in case of default in payments on the part of the Jannausches, should exercise such remedies as were available by way of forfeiture of the contract and take repossession of the property and business so as to preserve and continue its value as a going concern. Moreover, the court also found that such proceedings as were taken were with the knowledge or suggestion of Mrs. Kugel's attorney.

In *Palmer* v. *Schrage,* 258 Mich. 560, we said:

" 'A failure to give notice of the principal's default or negligence in giving such notice, in a case where the guarantor is entitled to notice, does not of itself discharge him from liability and bar a re-

covery upon the guaranty; but there must be not only a want of notice within a reasonable time, but also some actual loss or damage thereby caused to the guarantor, and if such loss or damage does not go to the whole amount of the claim, but is only in part, the guarantor is discharged only *pro tanto*.' * * *

"There is no showing in the record that the vendees were collectible at any time subsequent to the defaults for which plaintiffs seek recovery, and therefore there is no proof of such a change of condition as worked an injury or damage to these guarantor defendants."

We have examined the record carefully and find that there is evidence from which the trial court could find that the Malones' action in forbearing to press the Jannausches for the entire payments due under the contract and their subsequent suit to forfeit the contract and regain possession were done with the full knowledge and consent of Mrs. Kugel and her attorney.

Mrs. Kugel next contends that the trial court was in error in its determination of the amount of damages suffered by the Malones. The court found that a liberal value of the business as of November 14, 1934, was $1,000. The Jannausches had paid $500 to the Malones and the sum of these items, $1,500, should be deducted from the $4,000 which represented the limit of the guaranty leaving a balance of $2,500 in favor of the Malones. The record shows and the trial court so found that on November 14, 1934, the business was practically ruined except for the equipment which had greatly depreciated, its good will had vanished, and its value was at a low ebb. Under such circumstances we are constrained to agree with the findings of the trial court.

The judgments of the trial court are affirmed, with costs to the Malones.

FEAD, C. J. and NORTH, WIEST, BUTZEL, BUSHNELL, POTTER, and CHANDLER, JJ., concurred.