BINNE *v.* BENCH.

1. HUSBAND AND WIFE—CONSIDERATION—JOINT OBLIGATIONS.
   Special consideration running to wife alone is not necessary to
   render note signed by her and husband binding upon her
   since act removing certain disabilities of married women (3
   Comp. Laws 1929, §§ 13063, 13064).

2. SAME—JOINT OBLIGATION—CONSIDERATION.
   Any ordinary consideration will support a joint obligation of
   a husband and wife and it need not be a benefit to the wife
   or her estate, nor even a benefit to the entireties estate (3
   Comp. Laws 1929, § 13062 *et seq.*).

3. BILLS AND NOTES—HUSBAND AND WIFE.
   Obligee on note signed by husband and wife as comakers need
   not seek recovery from the estate of husband before proceed-
   ing against surviving wife (3 Comp. Laws 1929, § 13062 *et
   seq.*).

4. SAME—ORAL CONTRACT VARYING TERMS OF PROMISSORY NOTE—
   AFFIRMATIVE DEFENSE—PLEADING.
   Testimony in support of claim of oral understanding that note,
   containing an unconditional promise to pay by husband and
   wife, was to be paid only in the event of the simultaneous
   death of the makers was inadmissible in the absence of notice
   of such an affirmative defense (Court Rule No. 23 [1933]).

Appeal from Wayne; Moll (Lester S.), J.   Sub-
mitted June 2, 1942.   (Docket No. 4, Calendar No.
41,991.)   Decided July 1, 1942.

Assumpsit by May Bench Binne against Ella A.
Bench on a promissory note. Judgment for defend-
ant. Plaintiff appeals. Reversed and remanded for
entry of judgment.

*Bishop & Bishop,* for plaintiff.

*Edward Bryant,* for defendant.

Boyles, J. Plaintiff brought suit against Ella A. Bench, as survivor of her husband, Edward J. Bench, on a promissory note as follows:

"1200.00/100        Detroit, Mich., June 10, 1932.

"One year after date I promise to pay to May Binne or order twelve hundred 00/100 dollars at : . . . . . . . . . . . value received with six per cent. interest per annum.

"No. . . . . . . . .  Due . . . . . . . . . .

    (Signed)  "Edward J. Bench.
    (Signed)  "Ella A. Bench."

Plaintiff claims that Ella A. Bench is liable in so far as payment can be enforced out of real estate owned by herself and husband as tenants by entireties to which she holds title as survivor, or out of personal property and choses in action owned by herself and husband with right of survivorship, under 3 Comp. Laws 1929, § 13062 *et seq.* (Stat. Ann. § 26.181 *et seq.*).

To defeat the claim, defendant contends that because she did not contract with reference to her separate property but signed as comaker with her husband as an accommodation and received none of the proceeds from the note, there was no consideration as to her and, therefore, she is not liable.

At one time this would have been a good defense under the laws of this State. The rule was changed by Act No. 158, Pub. Acts 1917, as applied to the facts in the case at bar. This act, as subsequently amended and in effect when the note in question was signed, is as follows:

"Sec. 2. Hereafter married women shall be possessed of the power and capacity, and it shall be competent for them to bind and makes (make) themselves jointly liable with their husbands upon any

written instrument as hereinafter · provided. Said liability to extend, however, only to the property described in the following section.

"SEC. 3. Hereafter the real estate of the husband and wife owned by them as tenants by entirety, or the real estate acquired by either as survivor of the other, or in the event of divorce the interest of either in real estate which was previously owned by them as tenants by the entirety, shall be liable to seizure and sale on execution, and all personal property and choses in action owned by husband and wife jointly with right of survivorship therein, shall be subject to writ of garnishment and all other process provided by law, in satisfaction of any judgment which has been recovered against the persons who were at the time of the execution of such written instrument husband and wife jointly or the survivor upon any instrument signed by both. In case the wife is the survivor, or in case the husband and wife have been divorced prior to the recovery of the judgment, a judgment against the wife may be satisfied only out of such property." 3 Comp. Laws 1929, §§ 13063, 13064 (Stat. Ann. §§ 26.182, 26.183).

Special consideration running to the wife alone is not necessary. *Kies* v. *Walworth,* 250 Mich. 34. In *Rossman* v. *Hutchinson,* 289 Mich. 577, 588, this court held:

" 'Any ordinary consideration will support this joint contract. It need not be a benefit to the married woman or her estate, not even a benefit to the entireties estate. See *Montz* v. *Reutter,* 268 Mich. 357, where a joint contract to repay a personal loan to the husband was upheld; *Greening* v. *Wallace,* 257 Mich. 343, where a joint promissory note was given in renewal of defective notes previously given by the husband and wife. * * * *Kies* v. *Walworth,* 250 Mich. 34, where a joint note was given in con-

sideration of the release of a mortgage on entireties property; and *McDougall* v. *Henderson,* 260 Mich. 71, where the contract was for the joint purchase of land.' Prof. Raymond Van Syckle, in 5 Detroit Law Review, pages 69, 79."

It was not necessary for plaintiff to seek recovery from the estate of the deceased husband before proceeding against defendant. *McDougall* v. *Henderson,* 260 Mich. 71.

In *Dowagiac National Bank* v. *Maier,* 285 Mich. 1, relied upon by defendant, the wife signed a separate written instrument agreeing to pay her husband's note in event of his death. It was not a joint liability as in the case at bar and the case holds she could not become liable as surety and bind her separate estate. The facts distinguish the case from the one before us.

Defendant also sought to show that there was an oral understanding when the note was given, to the effect that the note was to be paid only in the event of the simultaneous death of the makers. This was obviously an affirmative defense, because the note itself was an unconditional promise of payment "one year after date." Notice of this defense was not given by defendant in pleading, and testimony in support thereof was not admissible in the absence of any notice of the affirmative defense. Court Rule No. 23 (1933). Moreover, a careful review of the defendant's proofs is far from convincing that she sustained the burden of proving the oral agreement as claimed. The defense was not established to bring the case within *Malone* v. *Kugel,* 281 Mich. 351, and the cases there cited.

The court below, on trial without jury, entered judgment of no cause of action. Reversed and re-

manded for entry of judgment for plaintiff for the amount of the note and interest, with costs.

CHANDLER, C. J., and NORTH, STARR, BUTZEL, BUSHNELL, and SHARPE, JJ., concurred. WIEST, J., did not sit.