BECKER *v.* NORTHERN TRUST COMPANY.

1. HUSBAND AND WIFE—ESTATES BY THE ENTIRETIES—MORTGAGES—
CONSIDERATION.

A wife may join with her husband, and be bound thereby, in a mortgage of entireties property to secure the debt of her husband, without any special consideration running to her or to her estate.

2. SAME—MORTGAGE OF ENTIRETIES PROPERTY—CONSIDERATION—COMPROMISE AND SETTLEMENT OF HUSBAND'S DEBT.

Consideration supporting mortgage and settlement agreement binding entireties property in the amount of $7,500 was afforded by opportunity of settling a judgment against husband in an amount in excess of $28,000 and no writ of execution or garnishment was to be made to collect or enforce the judgment if instalments of principal and interest were made as provided in the agreement.

Appeal from Wayne; Brennan (John V.), J. Submitted January 7, 1955. (Docket No. 56, Calendar No. 46,388.) Decided March 9, 1955. Rehearing denied June 7, 1955.

Bill by Virginia H. Becker against Northern Trust Company, an Illinois corporation, and Nettie Moore Underwood, trustees under the will of Morgan P. Underwood, deceased, to cancel mortgage and enjoin foreclosure proceedings. Decree for plaintiff. Defendants appeal. Reversed and bill dismissed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 26 Am Jur, Husband and Wife §§ 212, 213.
[2] 11 Am Jur, Compromise and Settlement § 18 *et seq.*
31 Am Jur, Judgments § 871.

*George F. Mehling,* for plaintiff.

*Butzel, Eaman, Long, Gust & Kennedy* (*Addison D. Connor,* of counsel), for defendants.

SHARPE, J. On February 27, 1954, plaintiff, Virginia H. Becker, filed her bill of complaint in the circuit court of Wayne county to void a mortgage executed by plaintiff and her husband upon certain real estate occupied by them as their home. It appears that Paul M. Becker, husband of plaintiff, became indebted to Morgan P. Underwood in the amount of $28,817.44. On January 16, 1951, the indebtedness was reduced to a judgment in the Wayne county circuit court. On October 28, 1952, plaintiff and her husband entered into a written agreement with Oscar E. Waer, administrator of the estate of Morgan P. Underwood. The agreement entered into contained both a mortgage and a settlement agreement. The mortgage was given on the home of plaintiff and her husband and secured the judgment. The ninth paragraph of the mortgage agreement gave the mortgagor, Paul M. Becker, the opportunity to settle the judgment by paying the sum of $7,500 as follows: $500 six months from the date of the agreement plus interest, $500 plus interest 1 year from the date of the agreement, and $500 or more each year thereafter plus interest until paid in full. The agreement also provided:

"If said instalments of principal and interest are made as herein provided and time is of the essence, mortgagee agrees that no writ of execution or garnishment or other efforts will be made to collect or enforce the aforesaid judgment, and if such instalments of principal and interest are made as herein provided when the sum of $7,500 plus interest has been fully paid mortgagee will execute a satisfaction of said judgment. In the event Becker shall default

in the terms of this conditional settlement agreement then mortgagee's agreement to compromise and accept less than the full amount of the aforesaid judgment plus interest thereon shall be of no further force and effect and shall terminate and the aforesaid judgment and the within mortgage may be enforced by any method permitted by law and any payments made in accordance with this agreement shall be credited first upon the interest and the balance upon the principal of said judgment."

No payments were made on the mortgage. The mortgage agreement was assigned to Northern Trust Company of Illinois and Nettie Moore Underwood, trustees under the will of Morgan P. Underwood, deceased, which instituted foreclosure proceedings.

In her bill of complaint to cancel the mortgage, plaintiff alleges that at the time of the execution of the mortgage the premises covered by it were occupied by her and her husband as their homestead; that she was not represented by an attorney and that she received no consideration for the execution of the mortgage.

In its answer to plaintiff's bill of complaint, defendants admit that prior to the execution of the mortgage plaintiff was not indebted to Oscar E. Waer, administrator of the estate of Morgan P. Underwood, deceased, or to Morgan P. Underwood in his lifetime, but assert that by signing the agreement and mortgage she became jointly liable with her husband for the amount of said judgment and interest.

The cause came on for trial, and on November 17, 1954, a decree was entered setting aside the proceedings to foreclose the mortgage and enjoining defendants from taking any further proceedings in connection therewith. Defendants appeal and urge:

"The court erred as a matter of law in entering a decree in favor of plaintiff and against defendants because neither plaintiff's bill of complaint nor the proofs state or support a cause of action.

"The court erred in holding as a matter of law that the mortgage agreement * * * is totally without consideration and is invalid as to plaintiff and is void.

"The court erred in its decree in holding that Virginia H. Becker and Paul M. Becker are the owners of the land and premises in fee simple by title perfect as against the defendants in this suit."

It is the rule in this State that a wife may join with her husband, and be bound thereby, in a mortgage of entireties property to secure the debt of her husband, without any special consideration or benefit running to her or to her estate, see *Farmers & Merchants National Bank & Trust Co.* v. *Globe Indemnity Co.*, 264 Mich 395; *Binne* v. *Bench*, 302 Mich 327.

It is urged by plaintiff that a wife cannot legally join with her husband in a mortgage of entireties property to secure her husband's debt where there is no consideration running to her. Plaintiff relies on *Dowagiac National Bank* v. *Maier*, 285 Mich 1. In that case defendant, Mrs. L. J. Maier, was the owner of a hotel. She signed a note to secure a debt of her husband. It was there held that the promise made by defendant to pay her husband's debt was not a contract relating to or benefiting her separate estate. It is to be noted that decision in the above case was founded on CL 1929, § 13057, now CL 1948, § 557.1 (Stat Ann § 26.161), in view of the fact that defendant was the sole owner of the property. In the case at bar plaintiff and her husband were owners of the real estate as tenants by the entireties.

In *Rossman* v. *Hutchinson*, 289 Mich 577, 588, we

quoted with approval Professor Raymond Van Syckle, 5 Detroit Law Review, 69, 79, 80, as follows:

" 'Any ordinary consideration will support this joint contract. It need not be a benefit to the married woman or her estate, nor even a benefit to the entireties estate. See *Montz* v. *Reutter,* 268 Mich 357, where a joint contract to repay a personal loan to the husband was upheld; *Greening* v. *Wallace,* 257 Mich 343, where a joint promissory note was given in renewal of defective notes previously given by the husband and wife. * * * *Kies* v. *Walworth,* 250 Mich 34, where a joint note was given in consideration of the release of a mortgage on entireties property; and *McDougall* v. *Henderson,* 260 Mich 71, where the contract was for the joint purchase of land.' "

Also, see *Atwood* v. *Schlee,* 269 Mich 322; *Binne* v. *Bench, supra.*

In our opinion the fact that Paul M. Becker and wife, plaintiff herein, were given the opportunity of settling a judgment against plaintiff's husband in an amount in excess of $28,000 for the sum of $7,500, and no writ of execution or garnishment was to be made to collect or enforce the judgment if instalments of principal and interest were made as provided by the agreement was sufficient consideration to support the mortgage agreement.

The decree is reversed and plaintiff's bill of complaint dismissed, with costs to defendants.

Carr, C. J., and Butzel, Boyles, Reid, Dethmers, and Kelly, JJ., concurred.

Smith, J., took no part in the decision of this case.